THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. SCOTT E. WILLIAMS, Defendant-Appellant.

Second District    No. 2—92—1034

Opinion filed March 23, 1994.

G. Joseph Weller and Paul Alexander Rogers, both of State Appellate Defender's Office, of Elgin, for appellant.

James E. Ryan, State's Attorney, of Wheaton (William L. Browers and David A. Bernhard, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE GEIGER delivered the opinion of the court:

After a bench trial, the defendant, Scott Williams, was convicted of the unlawful possession of more than 100 grams but less than 400 grams of a substance containing cocaine with the intent to deliver (Ill. Rev. Stat., 1988 Supp., ch. 56$^{1}/_{2}$, par. 1401.2(1) (now codified, as

amended, at 720 ILCS 570/401(a)(2)(B) (West 1992))) and the unlawful possession of more than 30 grams of a substance containing phencyclidine (PCP) with the intent to deliver (Ill. Rev. Stat., 1988 Supp., ch. 56$^1$/$_2$, par. 1401(a)(10) (now 720 ILCS 570/401(a)(10) (West 1992))). The trial court sentenced the defendant to concurrent terms of 40 years' imprisonment on the cocaine charge and 30 years' imprisonment on the PCP charge.

This court vacated the defendant's sentence and remanded the cause for a new sentencing hearing. On remand the trial court sentenced the defendant to 20 years' imprisonment and imposed a $8,800 street-value fine. On appeal, the defendant contends that the trial court violated his due process and statutory rights by imposing a street-value fine on remand where no such fine had been imposed at the original sentencing hearing. We affirm.

The trial court imposed the original sentence on December 5, 1989. On May 29, 1991, this court remanded the cause for a new sentencing hearing because the trial court improperly considered as aggravating factors that the defendant's conduct caused or threatened serious harm and that the defendant received compensation for committing the offense. *People v. Williams* (1991), 212 Ill. App. 3d 1109 (unpublished order under Supreme Court Rule 23).

The trial court held a sentencing hearing on February 28, 1992, and heard testimony in aggravation and mitigation. The trial court also had the benefit of an updated presentence report. After hearing the testimony, the trial court granted the defendant's request to treat the cocaine offense as a simple Class X felony and not a super Class X felony mandating a sentence of 9 to 40 years' imprisonment (see Ill. Rev. Stat., 1988 Supp., ch. 56$^1$/$_2$, par. 1401.2(1) (now codified, as amended, at 720 ILCS 570/401(a)(2)(B) (West 1992))). The defendant's request was based on the State's charging him with a super Class X felony under the authority of section 401.1(1) of the Illinois Controlled Substances Act, which did not exist on April 5, 1989, the date of the offense. (See Ill. Rev. Stat. 1987, ch. 56$^1$/$_2$, par. 1401.1(1) (now codified, as amended, at 720 ILCS 570/401(a)(2)(B) (West 1992)).) The trial court also merged the conviction of the PCP offense into the conviction of the cocaine offense.

After considering the presentence report and the factors in aggravation and mitigation, the trial court sentenced the defendant to 20 years' imprisonment and imposed an $8,800 street-value fine. The defendant moved for reconsideration of the sentence. However, the defendant's motion did not raise the issue that the defendant now raises on appeal. The trial court denied the motion, and we granted the defendant leave to file a late notice of appeal.

■ The defendant argues that, on remand, the trial court could not impose the street-value fine when no such fine was imposed at the original sentencing hearing. The defendant's argument stems from section 5—5—4 of the Unified Code of Corrections and *North Carolina v. Pearce* (1969), 395 U.S. 711, 23 L. Ed. 2d 656, 89 S. Ct. 2072. Section 5—5—4 states that, where a sentence has been set aside on direct review, the court shall not impose a new sentence for the same offense that is more severe than the original sentence "less the portion of the prior sentence previously satisfied unless the more severe sentence is based upon conduct on the part of the defendant occurring after the original sentencing." (Ill. Rev. Stat. 1991, ch. 38, par. 1005—5—4 (now 730 ILCS 5/5—5—4 (West 1992)).) The parties agree that there is no conduct on the part of the defendant that occurred after the original sentencing that would justify imposing a more severe sentence on remand.

The rationale for this rule is that due process requires that vindictiveness against a defendant for having exercised his appeal rights must play no part in the sentence the defendant receives after the successful appeal. (*Pearce*, 395 U.S. at 724-25, 23 L. Ed. 2d at 669, 89 S. Ct. at 2080.) Therefore, the issue here is whether the 20-year, $8,800 sentence is more severe than the 40-year sentence imposed at the original sentencing hearing.

■ The defendant did not raise this argument in his motion to reconsider or at any other point during the proceedings in the trial court. Therefore, we must consider the issue waived. (*People v. Brown* (1993), 242 Ill. App. 3d 465, 467.) However, defendant contends that the trial court imposed the sentence in violation of his due process rights. Because the imposition of the fine in this case may implicate the defendant's due process rights, we will address the issue under the plain-error doctrine. See 134 Ill. 2d R. 615(a).

The Appellate Court, Third District, has addressed this precise issue. In *People v. Lewis* (1977), 52 Ill. App. 3d 477, the defendant originally received a sentence of 15 to 30 years' imprisonment. On remand after a successful appeal by the defendant, the trial court sentenced the defendant to 3 to 15 years' imprisonment and imposed a $5,000 fine.

The court rejected a rule that would require that neither a greater fine nor a greater term of imprisonment may be imposed on remand. Instead, the court concluded that the severity of a subsequent sentence should be judged as a whole. (*Lewis*, 52 Ill. App. 3d at 487.) The court then held that the fine imposed with the shorter term of imprisonment was not a more severe penalty than the longer term of imprisonment alone. (*Lewis*, 52 Ill. App. 3d at 487.) At least one other court has adopted this approach. See *Morganti v. State* (Fla. 1991),

573 So. 2d 820 (a sentence of 5¹/₂ years' imprisonment, 18 months' probation, and a $10,000 fine is not a more severe penalty than a sentence of 15 years' imprisonment).

We agree with the reasoning employed in *Lewis* and similarly conclude that the degree to which the trial court reduced the term of imprisonment, 20 years, supports a finding that the trial court did not impose a more severe sentence on remand. Like the court in *Lewis*, we avoid any attempt to create a simplistic formula for determining when a term of imprisonment combined with a fine is more severe than a term of imprisonment alone. To do so would require reducing the years of a person's life to a monetary value. (*Lewis*, 52 Ill. App. 3d at 487.) The preferable approach is to judge each case on its particular facts in light of the due process requirements enunciated in *Pearce*.

We note that in this case the record reveals that the defendant generally received more favorable treatment at the second sentencing hearing and there is nothing to indicate that the defendant suffered prejudice for having exercised his right to appeal. Based on all of the foregoing, we conclude that the trial court's imposition of a 20-year term of imprisonment and an $8,800 fine after it originally imposed a 40-year term of imprisonment does not offend due process or section 5—5—4 of the Unified Code of Corrections.

Accordingly, we affirm the judgment and the sentence of the circuit court of Du Page County.

Affirmed.

INGLIS, P.J., and McLAREN, J., concur.