THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ANTHONY WOOLSEY, Defendant-Appellant.

Second District   No. 2—95—0274

Opinion filed April 3, 1996.

Fred M. Morelli, Jr., of Morelli, Cook & Petersen, of Aurora, for appellant.

Michael P. Coghlan, State's Attorney, of Sycamore (William L. Browers and Lisa A. Hoffman, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE GEIGER delivered the opinion of the court:
The defendant, Anthony Woolsey, appeals the circuit court's or-

der sentencing him to 2 years' probation, a 30-day period of work release in the De Kalb County jail, and a fine and costs of $150. The defendant contends that the imposition of the sentence is prohibited by double jeopardy considerations and that the State is precluded from seeking a sentence greater than supervision. We affirm.

On June 27, 1994, the State charged the defendant by complaint with the offenses of criminal sexual assault (720 ILCS 5/12—13(a)(1) (West 1994)), unlawful restraint (720 ILCS 5/10—3(a) (West 1994)), and domestic battery (720 ILCS 5/12—3.2 (a)(2) (West 1994)). Pursuant to a plea agreement, the defendant pleaded guilty to the offense of domestic battery on August 4, 1994. The trial court placed the defendant on supervision for 18 months and ordered him to pay a fine and costs of $150. Apparently, the plea agreement also provided for the dismissal of the other charges against the defendant.

The State filed a motion to vacate the defendant's plea on October 4, 1994. In the motion, the State asserted that supervision was not a legally authorized disposition for a conviction of domestic battery (see 730 ILCS 5/5—6—1(c) (West 1994)). The State asked the trial court to withdraw the defendant's guilty plea and to reinstate the original charges against him. On December 12, 1994, the trial court ordered the defendant's sentence withdrawn and set the cause for resentencing. The trial court refused to reinstate the other charges against the defendant.

Following a sentencing hearing on February 24, 1995, the trial court sentenced the defendant to 2 years' probation, 30 days' work release, and a fine and costs of $150. On March 7, 1995, the defendant filed a motion to reconsider the sentence. The defendant also filed a motion to stay the imposition of jail time. On March 8, 1995, the trial court stayed the imposition of the jail sentence pending appeal and effectively denied the defendant's post-judgment motion by ordering him to comply with all other conditions of probation previously ordered. This appeal ensued.

■ On appeal, the defendant first argues that double jeopardy considerations protect him from the imposition of a more severe sentence. Specifically, the defendant contends that the trial court could not impose a more severe sentence than the sentence he originally received because his guilty plea and original sentence constitute prior jeopardy. We note that, when a trial court orders a lesser sentence than is mandated by statute, the sentence is void. *People v. Magnus*, 262 Ill. App. 3d 362, 365 (1994). A void judgment may be attacked directly or collaterally, at any time. *People v. Wade*, 116 Ill. 2d 1, 5 (1987). In the present case, it was not within the power of the trial court to impose supervision for a conviction of do-

mestic battery. See 730 ILCS 5/5—6—1(c) (West 1994). Thus, the defendant's sentence was void and illegal.

The defendant's argument is without merit. There is no double jeopardy prohibition against resentencing a defendant to correct an illegal sentence. *People v. Oswald*, 106 Ill. App. 3d 645, 648 (1982); *Stuckey v. Stynchcombe*, 614 F.2d 75, 76 (5th Cir. 1980). Double jeopardy rights are not implicated even if the correction of the illegal sentence increases the punishment. *United States v. Edmonson*, 792 F.2d 1492, 1496 (9th Cir. 1986). Accordingly, in the present case, the trial court's resentencing the defendant because of the imposition of an illegal sentence did not violate his double jeopardy rights.

■ Next, the defendant asserts that, pursuant to section 5—5—4 of the Unified Code of Corrections (Code) (730 ILCS 5/5—5—4 (West 1994)) and *North Carolina v. Pearce*, 395 U.S. 711, 23 L. Ed. 2d 656, 89 S. Ct. 2072 (1969), the State is precluded from seeking a sentence greater than court supervision. Section 5—5—4 of the Code provides:

> "Where a conviction or sentence has been set aside on direct review or on collateral attack, the court shall not impose a new sentence for the same offense or for a different offense based on the same conduct which is more severe than the prior sentence less the portion of the prior sentence previously satisfied unless the more severe sentence is based upon conduct on the part of the defendant occurring after the original sentencing." 730 ILCS 5/5—5—4 (West 1994).

We note that the purpose of section 5—5—4 of the Code is to ensure the due process rights set forth in *Pearce* by preventing vindictiveness in resentencing a defendant for having exercised his appeal rights or his right to file a post-judgment motion. See *People v. Williams*, 259 Ill. App. 3d 660, 662 (1994); see also *Pearce*, 395 U.S. at 724-25, 23 L. Ed. 2d at 669, 89 S. Ct. at 2080. In the instant case, there is no evidence in the record of vindictiveness on the State's part. The defendant was resentenced because his original sentence was illegal, not because he appealed or filed a post-judgment motion. Accordingly, *Pearce* and section 5—5—4 of the Code are not implicated in the present case.

Moreover, section 5—5—4 of the Code only applies to an original sentence within statutory limits imposed upon an erroneously obtained conviction or to an original sentence within statutory limits later held to have been obtained or aggravated in error. *People v. Gardner*, 52 Ill. App. 3d 386, 389 (1977). Accordingly, section 5—5—4 of the Code does not apply to the correction of an illegal sentence. See *Gardner*, 52 Ill. App. 3d at 389. Because the trial court in the present case acted to correct an illegal sentence, we conclude that the defendant has no remedy under section 5—5—4 of the Code.

We affirm the judgment of the circuit court of De Kalb County.

Affirmed.

BOWMAN and THOMAS, JJ., concur.