(No. 80318

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. KELVIN LEWIS, Appellee.

*Opinion filed December 19, 1996.—Rehearing denied March 31, 1997.*

MILLER, J., joined by NICKELS, J., dissenting.

James E. Ryan, Attorney General, of Springfield, and Jack O'Malley and Richard A. Devine, State's Attorneys, of Chicago (Arleen C. Anderson, Assistant Attorney General, of Chicago, and Renee Goldfarb, Peter D. Fischer, Susan R. Schierl, Theodore F. Burtzos, Kenneth T. McCurry and Kathryn A. Schierl, Assistant State's Attorneys, of counsel), for the People.

Rita A. Fry, Public Defender, of Chicago (Lisa S. Ottenfeld, Assistant Public Defender, of counsel), for appellee.

414

JUSTICE McMORROW delivered the opinion of the court:

At issue in this case is whether the statutory penalties for armed robbery (720 ILCS 5/18—2 (West 1994)) and armed violence predicated on robbery committed with a category I weapon (720 ILCS 5/33A—1 (West 1994)) are proportionate penalties pursuant to article I, section 11, of the 1970 Illinois Constitution. The circuit court, in a ruling dismissing a count of armed violence predicated on robbery committed with a category I weapon, concluded that the penalties are unconstitutionally disproportionate. The State appealed directly to this court. 134 Ill. 2d R. 603.[1] For the reasons which follow, we affirm the decision of the circuit court.

Background

Defendant, Kelvin Lewis, was charged by information in the circuit court of Cook County with one count of robbery (720 ILCS 5/18—1 (West 1994)), one count of armed violence predicated on robbery committed with a category I weapon (720 ILCS 5/33A—1 (West 1994)), and one count of armed robbery (720 ILCS 5/18—2 (West 1994)). The charging instrument alleges that on June 24, 1995, defendant displayed a handgun and took from the victim, by threat of imminent use of force, a radar detector and a compact disc player. All three counts in the information are based on this single incident.

On November 28, 1995, defendant filed a pretrial motion to dismiss the armed violence count of the information. In his motion, defendant contended that he could not be charged with armed violence predicated on robbery committed with a category I weapon, such as a handgun, because the penalty for that offense violates

---

[1]In its brief, the State mistakenly cites Supreme Court Rule 302(a)(1) as the basis for this court's jurisdiction in this appeal. Jurisdiction in this appeal is properly based on Supreme Court Rule 603.

the proportionate penalties clause of the Illinois Constitution. That clause provides:

"All penalties shall be determined *** according to the seriousness of the offense *** ." Ill. Const. 1970, art. I, § 11.

The circuit court agreed. The circuit court noted that the substantive elements of armed violence, where predicated on robbery committed with a category I weapon, and armed robbery, are identical. Yet, armed violence committed with a category I weapon carries a mandatory minimum sentence of 15 years, while armed robbery carries only a 6-year mandatory minimum sentence. Relying on this court's decision in *People v. Christy*, 139 Ill. 2d 172 (1990), the circuit court concluded that the penalties for the two offenses are unconstitutionally disproportionate and, accordingly, dismissed the armed violence count. Subsequently, the State moved to have the case removed from the call of the circuit court's docket pending the outcome of this appeal. The circuit court granted the motion and the State's appeal followed.

Analysis

We begin our analysis with the pertinent statutes. The armed violence statute provides:

"§ 33A—1. Definitions.

(a) 'Armed with a dangerous weapon'. A person is considered armed with a dangerous weapon for purposes of this Article, when he or she carries on or about his or her person or is otherwise armed with a Category I, Category II, or Category III weapon.

(b) A Category I weapon is a handgun ***." 720 ILCS 5/33A—1 (West 1994).

"§ 33A—2. Armed violence—Elements of the offense. A person commits armed violence when, while armed with a dangerous weapon, he commits any felony defined by Illinois Law." 720 ILCS 5/33A—2 (West 1994).

"§ 33A—3. Sentence.

(a) Violation of Section 33A—2 with a Category I

weapon is a Class X felony for which the defendant shall be sentenced to a minimum term of imprisonment of 15 years." 720 ILCS 5/33A—3 (West 1994).

The robbery statute provides:

"§ 18—1. Robbery.

(a) A person commits robbery when he or she takes property, except a motor vehicle covered by Section 18—3 or 18—4, from the person or presence of another by the use of force or by threatening the imminent use of force.

(b) Sentence.

Robbery is a Class 2 felony." 720 ILCS 5/18—1 (West 1994).

The armed robbery statute provides:

"§ 18—2. Armed Robbery.

(a) A person commits armed robbery when he or she violates Section 18—1 while he or she carries on or about his or her person, or is otherwise armed with a dangerous weapon.

(b) Sentence.

Armed robbery is a Class X felony." 720 ILCS 5/18—2 (West 1994).

Before this court, defendant relies upon the reasoning given by the circuit court. Defendant notes the disparity between the penalties for armed violence predicated on robbery committed with a category I weapon and armed robbery, and contends that this court's decision in *Christy* compels the conclusion that the penalties for the two offenses are unconstitutionally disproportionate.

In *Christy*, the defendant abducted two teenage boys from a campsite in the middle of the night and took them to a storage building where he held them captive for several hours. The defendant repeatedly threatened to kill his victims and, at one point, held a large steak knife to the throat of one of the boys. After trial, the defendant was convicted of one count of kidnapping and one count of armed violence predicated on kidnapping with a category I weapon, specifically, a "knife with a blade of at least 3 inches in length." Upon review, the

appellate court vacated defendant's conviction and sentence for armed violence and remanded for sentencing on the offense of aggravated kidnapping.

This court affirmed the appellate court's decision. The court observed that the commission of kidnapping while armed with a "knife with a blade of at least 3 inches in length" constituted armed violence committed with a category I weapon. Under the armed violence statute as it then existed, this offense was a Class X felony, punishable by not less than 6 years and not more than 30 years in prison. However, the commission of kidnapping while armed with a "knife with a blade of at least 3 inches in length" also constituted aggravated kidnapping. This offense was only a Class 1 felony, punishable by not less than 4 years and not more than 15 years in prison. The court concluded that it was against "common sense and sound logic" for identical offenses to render two different penalties. Accordingly, the court held that the penalties for aggravated kidnapping and armed violence predicated on kidnapping with a category I weapon were unconstitutionally disproportionate. *Christy*, 139 Ill. 2d at 181.

The *Christy* court rejected the State's argument that the penalties for the offenses at issue could be upheld on the grounds that "the ability to choose between them is a matter of 'prosecutorial discretion.' " *Christy*, 139 Ill. 2d at 180. In rejecting this contention, the court noted:

> "Generally, prosecutorial discretion is a valuable aspect of the criminal justice system. [Citation.] In the present case, however, prosecutorial discretion will effectively nullify the aggravated kidnapping statute, as skilled State's Attorneys will usually seek the more severe sentence and, therefore, charge defendants with armed violence rather than aggravated kidnapping. An ineffective aggravated kidnapping statute is not what the legislature intended when it enacted both the armed violence statute and aggravated kidnapping statutes." *Christy*, 139 Ill. 2d at 180.

We agree with defendant that the holding of *Christy*

governs our analysis in the case at bar. Here, we consider the relationship of three statutory offenses: robbery, armed robbery and armed violence. Robbery, a felony offense, is defined as the taking of property, except a motor vehicle, from the person or presence of another by the use of force or by threatening the imminent use of force. 720 ILCS 5/18—1 (West 1994). Armed robbery is defined as the commission of robbery while carrying or otherwise being armed with a dangerous weapon. 720 ILCS 5/18—2 (West 1994). The parties do not dispute that a handgun is a dangerous weapon for purposes of the armed robbery statute. Accordingly, the commission of robbery while armed with a handgun constitutes armed robbery, a Class X offense punishable by an unextended term sentence ranging from 6 to 30 years' imprisonment. 730 ILCS 5/5—8—1(a)(3) (West 1994).

Armed violence is defined as the commission of any felony defined by Illinois law while armed with a dangerous weapon. 720 ILCS 5/33A—2 (West 1994). Dangerous weapons are divided into three categories (720 ILCS 5/33A—1 (West 1994)) and the commission of any felony with a category I weapon, such as a handgun, is a Class X offense punishable by an unextended term sentence ranging from 15 to 30 years' imprisonment. 720 ILCS 5/33A—3(a) (West 1994). Accordingly, the commission of robbery while armed with a handgun also constitutes armed violence, an offense punishable by a mandatory minimum term of 15 years' imprisonment. Thus in this case, as in *Christy*, we are presented with two substantively identical offenses which, illogically, are punished with disparate penalties. Therefore, in accordance with the principles of *Christy*, we conclude that the circuit court was correct in finding that the penalty for armed violence predicated on robbery committed with a category I weapon violates the proportionate penalties clause.

The State does not dispute the relevance of *Christy* to the instant appeal but, instead, urges this court to overrule that decision. The State offers two major reasons for doing so. First, the State asserts that the *Christy* court erred in using the proportionality clause to scrutinize penalty provisions created by the legislature. According to the State, the framers of the 1970 Constitution never intended for the proportionality clause to be applied against legislative enactments. Rather, it was meant to be used only as a check on judicially imposed penalties. Second, the State maintains that the proportionality clause does not permit a proportionality review which involves the comparison of different statutes and, further, that any such review violates the separation of powers doctrine (Ill. Const. 1970, art. II, § 1). We disagree with each contention.

This court has long held that the proportionality clause requires "the *legislature*, in defining crimes and their penalties, to consider the constitutional goal[ ] *** of providing a penalty according to the seriousness of the offense." (Emphasis added.) *People v. Taylor*, 102 Ill. 2d 201, 206 (1984); *People v. Hamm*, 149 Ill. 2d 201, 219 (1992); see also *People v. Elliott*, 272 Ill. 592, 599 (1916) (proportionate penalties clause in the 1870 Illinois Constitution also applied to legislature). Despite extensive citation to the debates of the Sixth Illinois Constitutional Convention, the State has failed to offer any evidence that the framers intended to limit the reach of the proportionate penalties clause to the judiciary. Indeed, as defendant points out, the only discussion in the debates regarding the applicability of the clause to the legislature indicates that it was meant to be binding upon legislative enactments. See 3 Record of Proceedings, Sixth Illinois Constitutional Convention 1393 (comments of Delegates Kamin and Foster). Accordingly, we adhere to the firmly established principle that the

proportionate penalties clause may act as a restriction on the power of the legislature to establish criminal penalties.

The State next contends that even if the proportionality clause is applicable to the legislature, it does not permit the judiciary to engage in a proportionality review which involves the comparison of different statutes and their penalties. According to the State, the proportionality clause only allows a court to compare, in isolation, the gravity of a particular offense with the severity of the penalty imposed for that offense. Any proportionality review which compares different statutes, the State argues, is an "aberration" from this "traditional" method of review.

Contrary to the State's assertions, the general practice of comparing different offenses and their respective penalties is an accepted part of this court's proportionality review. See, *e.g.*, *People v. Bailey*, 167 Ill. 2d 210, 236-37 (1995) (comparing the offense of stalking with assault and disorderly conduct); *People v. Lee*, 167 Ill. 2d 140, 146-47 (1995) (comparing aggravated battery with other battery offenses); *People v. Hickman*, 163 Ill. 2d 250, 260 (1994) (comparing criminal drug conspiracy with calculated criminal drug conspiracy); *People v. Johns*, 153 Ill. 2d 436, 447-49 (1992) (comparing various sections of the Illinois Vehicle Code); *People v. Hamm*, 149 Ill. 2d 201, 218-20 (1992) (comparing licensing provisions of the Illinois Fish Code with similar provisions in the Illinois Vehicle Code); *People v. Simmons*, 145 Ill. 2d 264, 271-72 (1991) (comparing offense of operating a vehicle without liability insurance with other offenses in the criminal code); *People v. Morris*, 136 Ill. 2d 157, 163-68 (1990) (comparing various offenses under Illinois Vehicle Code). The State's argument that the proportionality clause does not permit a court to compare different offenses for purposes of proportionality review runs

counter to this considerable weight of authority. Accordingly, we reject this contention.

Similarly unpersuasive is the State's assertion that a proportionality review which involves comparing different statutes violates separation of powers principles. The State's argument on this point is addressed specifically to those situations in which a court examines and compares offenses which it considers to be similar. According to the State, a court must subjectively determine the gravity of the offenses under consideration in order to deem them similar for purposes of review. In this way, the State argues, the court inappropriately second-guesses the legislature and violates the separation of powers doctrine. We disagree. The comparison of similar statutes and their penalties helps impose a measure of objectivity upon the process of proportionality review which, if restricted to comparing a single offense and its penalty, would otherwise be lacking. See generally J. Friessen, State Constitutional Law: Litigating Individual Rights, Claims, and Defenses § 13—4(a)(2) (2d ed. 1996). Indeed, the large number of decisions of this court which have employed a proportionality review involving the comparison of similar statutes is an indication of the utility and acceptance of this type of analysis. Therefore, we decline to find any separation of powers problem with this general practice.

Furthermore, the proportionality analysis employed in *Christy* is even less troublesome than the general cross-comparison type of review discussed above because under *Christy*, a court compares identical offenses, rather than merely similar ones. A court employing the *Christy* analysis does not make any subjective determinations regarding the gravity of an individual offense or the severity of the penalty imposed for that offense. Instead, the court relies exclusively on the express legislative pronouncements under review. The court

compares identical offenses, as defined by the same legislative body, with their respective penalties, again, as given by the same legislative body. Thus, under the *Christy* analysis, there is no risk that the judiciary will second-guess the legislature or otherwise violate separation of powers principles. Indeed, far from rendering the judiciary a "superlegislature," as the State argues, the proportionality review employed in *Christy* is the most objective and deferential type of review available to the courts. For these reasons, we decline to overrule *Christy*.

The State maintains that even if *Christy* is not overruled, the circuit court's decision should nevertheless be reversed. The State contends that by dismissing the armed violence count at the pretrial stage, the circuit court improperly usurped the prosecutor's power and discretion to evaluate the evidence and determine what offense or offenses should be charged. As noted above, this argument was expressly rejected in *Christy*. *Christy*, 139 Ill. 2d at 180. We see no reason to depart from *Christy* on this point.

In addition, we believe that the State's argument regarding prosecutorial discretion misconstrues the nature of defendant's challenge to the armed violence statute. Defendant does not allege that the selection of charges in this case was merely an improper use of prosecutorial discretion. Rather, in a more fundamental attack, defendant asserts that the mandatory minimum penalty for armed violence predicated on robbery committed with a category I weapon violates the proportionality clause, and therefore, that the State's Attorney had no authority, discretionary or otherwise, to charge that offense.

In light of defendant's challenge, our constitutionally required task is to examine the armed violence sentencing scheme and determine whether it provides a proportionate penalty for the offense at issue. Employ-

ing the most objective method of proportionality review available reveals that it does not. Because the mandatory minimum penalty for armed violence predicated on robbery committed with a category I weapon violates the constitutional guarantee of proportionate sentencing, the State's Attorney had no authority to charge that offense. See, *e.g.*, *People v. Hamm*, 149 Ill. 2d 201, 218-20 (1992). It is a truism that the circuit court cannot usurp an authority which the State's Attorney does not have. Therefore, the State's argument must necessarily fail.

In a related, and final, argument, the State contends that the circuit court's ruling should be reversed because, as of yet, there has been no adjudication of guilt and no sentencing. According to the State, defendant has not been harmed by any deficiency in the penalty provisions of the armed violence statute at this stage of the proceedings. Therefore, the State argues, the circuit court's ruling regarding those provisions was premature. We disagree. This court has repeatedly considered the proportionality of penalty provisions in the pretrial posture. See *Bailey*, 167 Ill. 2d at 234-37; *People v. Farmer*, 165 Ill. 2d 194, 209-10 (1995); *Johns*, 153 Ill. 2d at 447-49; *Hamm*, 149 Ill. 2d at 218-20; *Simmons*, 145 Ill. 2d at 269-72. The State has not addressed these cases or suggested any reason why we should depart from the principles which they embody. Accordingly, we decline to do so.

Summarizing, we hold that the penalties for armed violence predicated on robbery committed with a category I weapon and armed robbery are unconstitutionally disproportionate. In so holding, we note that the State is not precluded from proceeding against defendant on the armed robbery charge. Because armed robbery is a Class X felony, if defendant is ultimately convicted, the sentencing range available to the judge will be from 6 to 30 years' imprisonment.

For the foregoing reasons we affirm the decision of the circuit court.

*Affirmed.*

JUSTICE MILLER, dissenting:

I do not agree with the majority's conclusion that the sentences authorized for the two offenses at issue in this case, taken together, violate the proportionality clause found in article I, section 11, of the Illinois Constitution (Ill. Const. 1970, art. I, § 11). In my view, the availability of different sentences for the same misconduct is simply a matter of legislative judgment and not violative of article I, section 11, of the Illinois Constitution.

As the majority opinion recounts, armed robbery is a Class X felony, punishable by a term of imprisonment of between 6 and 30 years. 720 ILCS 5/18—2(b); 730 ILCS 5/5—8—1(a)(3) (West 1994). Armed violence predicated on robbery committed with a category I weapon, such as a handgun, is also a Class X felony but is punishable by a term of 15 to 30 years' imprisonment. 720 ILCS 5/33A—3(a); 730 ILCS 5/5—8—1(a)(3) (West 1994). The majority believes that the existence of different ranges of penalties for the two offenses, which may be based on the same underlying misconduct, violates the proportionality clause of the constitution. I do not agree.

Article I, section 11, provides:

"All penalties shall be determined both according to the seriousness of the offense and with the objective of restoring the offender to useful citizenship. No conviction shall work corruption of blood or forfeiture of estate. No person shall be transported out of the State for an offense committed within the State."

This provision is the successor to article II, section 11, of the Illinois Constitution of 1870, which provided, in pertinent part, "All penalties shall be proportioned to

the nature of the offense \*\*\*." Ill. Const. 1870, art. II, § 11. The adjuration in the present constitution to determine "[a]ll penalties \*\*\* according to the seriousness of the offense" is customarily referred to as the proportionate penalties clause, even though the term "proportioned" appears nowhere in it.

The proper scope and operation of this portion of article I, section 11, was recently described in *People v. Farmer*, 165 Ill. 2d 194, 209-10 (1995), in which this court explained:

"While this provision places some restraint on the right of the legislature to establish penalties for crimes (*People v. Simmons* (1991), 145 Ill. 2d 264, 270), this court has repeatedly stated that 'the constitutional command that "penalties shall be proportioned to the nature of the offense" would justify interference with the legislative judgment only if the punishment was "cruel," "degrading" or "so wholly disproportionate to the offense committed as to shock the moral sense of the community." ' (*People v. Gonzales* (1962), 25 Ill. 2d 235, 240, quoting *People ex rel. Bradley v. Illinois State Reformatory* (1894), 148 Ill. 413, 421-22; \*\*\*.)"

In my view, the proportionate penalties language of article I, section 11, does not preclude the legislature from defining offenses that share the same elements but authorize different penalties. If the potential punishment for each offense alone passes muster under that provision, I do not believe that the punishments, when considered together, can be deemed unconstitutionally disproportionate, even though their underlying offenses are based on the same misconduct. A sentence must be judged not simply in relation to another number—"15 is greater than 6"—but in relation to an offense. Here, if the sentence for each offense, standing alone, is constitutionally valid, then neither sentence should be considered disproportionate simply because one exceeds the other. The sentences might be subject to challenge on some other ground, but not as disproportionate penal-

ties. In the present case, the majority makes no effort to establish that the penalty for armed violence committed with a category I weapon is disproportionate to that offense.

It might be thought that the existence of separate offenses and their distinct penalties allows the prosecutor undue authority in determining which offense to charge, but similar forms of prosecutorial discretion have generally been upheld against constitutional challenge. See *People v. Bailey*, 167 Ill. 2d 210, 234-36 (1995); *People v. Wade*, 131 Ill. 2d 370, 379 (1989); *People v. McCollough*, 57 Ill. 2d 440, 444 (1974); see also *United States v. Batchelder*, 442 U.S. 114, 124-25, 60 L. Ed. 2d 755, 765-66, 99 S. Ct. 2198, 2204-05 (1979). A contrary result was reached in *People v. Christy*, 139 Ill. 2d 172 (1990), on which the majority in this case principally relies; I dissented in *Christy*, and I continue to believe that that decision was wrong.

JUSTICE NICKELS joins in this dissent.