4010597.r23.wpd

NO. 4-01-0597

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

THE PEOPLE OF THE STATE OF ILLINOIS,

Plaintiff-Appellee,

v.

MARK ANTHONY BAKER,

Defendant-Appellant.

)

)

)

)

)

)

)

)

)

Appeal from

Circuit Court of

Champaign County

Nos. 01CF165

     99CF2047

Honorable

Thomas J. Difanis,

Judge Presiding.

_________________________________________________________________

MODIFIED UPON DENIAL OF REHEARING

JUSTICE STEIGMANN delivered the opinion of the court:

In June 2000, defendant, Mark Anthony Baker, pleaded guilty to one count of attempt (home invasion) (720 ILCS 5/8-4(a), 12-11 (West 1998)) (Champaign County case No. 99-CF-2047).  The trial court later sentenced him to 36 months' probation.  In October 2000, the State filed a petition to revoke defendant's probation, and following a May 2001 hearing, the court granted the State's petition. 

Later in May 2001, a jury found defendant guilty of aggravated kidnaping (in that he committed the offense of kidnaping while armed with a firearm) (720 ILCS 5/10-2(a)(6) (West 2000)), two counts of armed violence (720 ILCS 5/33A-2(a) (West 2000)), and unlawful possession of a weapon by a felon (720 ILCS 5/24-1.1(a) (West 2000)) (Champaign County case No. 01-CF-165).  

In June 2001, the trial court sentenced defendant to 40 years in prison for aggravated kidnaping (which included an automatic 15-year enhancement for being armed with a firearm (720 ILCS 5/10-2(b) (West 2000))), 30 years for one count of armed violence, and 5 years for unlawful possession of a weapon by a felon, with those sentences to be served concurrently.  (
The court determined that the two convictions for armed violence merged into one and, accordingly, imposed sen­tence upon only one count.)  
The court also resentenced defendant to 10 years in prison for attempt (home invasion), with that sentence to be served consecutively to his other sentences.  

Defendant appeals, arguing that (1) the 15-year enhancement for aggravated kidnaping violates the proportionate penalties clause of the Illinois Constitution (Ill. Const. 1970, art. I, §11); and (2) the trial court considered an improper factor in sentencing.  We affirm in part, vacate in part, and remand with directions.    

I. BACKGROUND

In January 2001, the State charged defendant with (1) two counts of armed violence; (2) unlawful possession of a weapon by a felon; and (3) aggravated kidnaping, in that defendant, "in committing the offense of [k]idnapping, *** knowingly and secretly confined [M.S.] against her will, while armed with a firearm, a handgun."  Although aggravated kidnaping is classified generally as a Class X felony, subsection (b) of the aggravated kidnaping statute provides that when an individual commits the offense of kidnaping while armed with a firearm, "15 years shall be added to the term of imprisonment imposed by the court."  720 ILCS 5/10-2(b) (West 2000).  

In May 2001, defendant moved to dismiss the aggravated kidnaping charge on the grounds that the 15-year enhancement violates (1) the proportionate penalties clause of the Illinois Constitution (Ill. Const. 1970, art. I, §11); (2) the separation of powers clause of the Illinois Constitution (Ill. Const. 1970, art. I, §1); and (3) the equal protection and due process clauses of the federal and state constitutions.  The trial court denied defendant's motion, and the case proceeded to trial.

The evidence presented at defendant's jury trial showed the following.  Around 3 a.m. on January 24, 2001, defendant, who was one of M.S.'s long-time friends, showed up unannounced at her apartment.  After talking for about 20 minutes, defendant asked M.S. to have sex, and she told him no because she had a serious boyfriend.  Shortly thereafter, defendant walked into the kitchen and came back out wearing gloves and holding a handgun.  When M.S. felt the handgun against her head, she grabbed the barrel and pointed the gun at the floor.  She then tried to run, but defendant grabbed her and told her that if she yelled, he would kill her and her son, who was sleeping upstairs.  Defendant taped her hands together but later untaped them so that she could use the bathroom.  Defendant then took M.S. into the bedroom, put a sock in her mouth, and placed tape over her mouth.  At that point, he emptied the bullets out of his gun and told M.S. that he would not hurt her.  He then told her that he was sorry, she walked him to the door, and he left.  

The police arrested defendant shortly thereafter and recovered a handgun on a rooftop near M.S.'s apartment.  The parties stipulated that a print found on the handgun matched defendant's fingerprints.

Defendant testified and denied committing the offenses.

Based on this evidence, the jury convicted defendant of all charges.  The trial court later sentenced him as stated.  In sentencing defendant, the court stated, in pertinent part, as follows:

"The [c]ourt heard the testimony of [M.S.].  [Defense counsel] has commented on that testimony, and, again, this is a situation where the defendant has decided to prey upon a young woman who[m] he knew, *** who went to school with him.  And unlike the situation in [Champaign County case No.] 99-CF-2047[,] where he was armed with cutting devices, in the case involving [M.S.] he armed himself with a firearm.

[Defense counsel] is correct, there could have been--he could have done a great many more terrible things to this victim than he did, but for some reason he chose to stop and left the residence, but the victim--with the victim totally terrorized by his activities.  The [c]ourt gets back to the pattern.  The pattern of this defendant preying upon young women that he has established a relationship with, and when he committed the offense in [Champaign County case No. 01-CF-165], aggravated kidnapping, armed violence, and possession of weapons by a felon, he escalated his choice of weapons in that he armed himself with a firearm.  That more than offsets the fact that he didn't rape the victim in this case.  Again, potential for serious bodily injury was great.

***

[Defendant], you are a dangerous young man.  And the [c]ourt needs to fashion a sentence that will see to it that you will no longer prey upon women in this community or anywhere else or any other women that you establish a relationship with.

Given all that's been presented, I believe an appropriate sentence is one of incarceration in the Illinois Department of Corrections for the offense of aggravated kidnapping involving use of a firearm.  That sentence will be 40 years.  It will be served concurrently with the 30[-]year sentence imposed in the armed violence count, and with the 5[-]year sentence that will also run concurrently with the possession of a weapon by a felon."  

  This appeal followed.  

II. ANALYSIS

A. Proportionate Penalties

Defendant first argues that the 15-year enhancement of his sentence for aggravated kidnaping (committing the offense of kidnaping while armed with a firearm) (720 ILCS 5/10-2(a)(6), (b) (West 2000)) violates the proportionate penalties clause of the Illinois Constitution (Ill. Const. 1970, art. I, §11).  We agree.

A statute is presumed constitutional, and the party challenging the statute bears the burden of demonstrating its invalidity.  
People v. Walden
, 199 Ill. 2d 392, 394, 769 N.E.2d 928, 930 (2002).  Courts have a duty to construe a statute in a manner that upholds its validity and constitutionality if it reasonably can be done.  Whether a statute is constitutional involves a question of law.  
People v. Malchow
, 193 Ill. 2d 413, 418, 739 N.E.2d 433, 437 (2000).

In evaluating statutory challenges brought under the proportionate penalties clause, our supreme court has employed three distinct tests:  (1) whether the penalty is cruel, degrading, or so wholly disproportionate to the offense committed as to shock the moral sense of the community; (2) whether the described offense, when compared to a similar offense, carries a more severe penalty although the proscribed conduct creates a less serious threat to the public health and safety; or (3) whether the described offense, when compared to an offense having identical elements, carries a different sentence.  
People v. Morgan
, 203 Ill. 2d 470, 486-87, 786 N.E.2d 994, 1004 (2003).  In this case, defendant contends that the 15-year enhancement for aggravated kidnaping (committing the offense of kidnaping while armed with a firearm) violates the proportionate penalties clause under the third test.

In 
People v. Christy
, 139 Ill. 2d 172, 564 N.E.2d 770 (1990), the supreme court considered a challenge to an armed violence conviction brought under the proportionate penalties clause of the Illinois Constitution.  On appeal, the defendant argued that the penalties for armed violence predicated on kidnaping with a category I weapon and aggravated kidnaping (Ill. Rev. Stat. 1987, ch. 38, par. 10-2(a)(5)) were disproportionate because each offense consisted of the same elements, yet armed violence was punished more severely than aggravated kidnaping.
  
Christy
,
 139 Ill. 2d at 176-78, 564 N.E.2d at 772.  The supreme court agreed, stating:

"Upon review of the relevant statutory provisions it is apparent that the commission of kidnapping while armed with a 'knife with a blade of at least 3 inches in length' constitutes
 
both
 aggravated kidnapping and armed violence.  Since the elements which constitute aggravated kidnapping and armed violence are identical, common sense and sound logic would seemingly dictate that their penalties be identical."  (Emphasis in original.)
  
Christy
,
 139 Ill. 2d at 181, 564 N.E.2d at 774.

Because the penalties for armed violence predicated on kidnaping with a category I weapon and aggravated kidnaping were not identical, the
 
Christy
 court held that the penalties were unconstitutionally disproportionate.
 
 The court thus vacated the defendant's conviction and sentence for armed violence and remanded the cause for sentencing on the offense of aggravated kidnaping. 
 
Christy
,
 139 Ill. 2d at 181, 564 N.E.2d at 774.

In
 
People v. Lewis
,
 175 Ill. 2d 412, 414, 677 N.E.2d 830, 831 (1996), the defendant was charged with robbery (720 ILCS 5/18-1 (West 1994)), armed robbery (720 ILCS 5/18-2 (West 1994)), and armed violence predicated on robbery committed with a category I weapon (720 ILCS 5/33A-1 (West 1994)).  The defendant moved to dismiss the armed violence charge on the ground that the penalty for that offense violated the proportionate penalties clause, and the trial court granted the motion.  
Lewis
,
 175 Ill. 2d at 414-15, 677 N.E.2d at 831
.  On appeal, the supreme court reviewed the pertinent statutes and determined that armed robbery and armed violence predicated on robbery committed with a category I weapon had identical statutory elements, but were punished with disparate penalties.
  
Lewis
,
 175 Ill. 2d at 418, 677 N.E.2d at 833.  Reaffirming the
 
Christy
 
holding
,
 the 
Lewis
 court concluded that the penalties for armed violence predicated on robbery committed with a category I weapon and armed robbery were unconstitutionally disproportionate.
  
Lewis
,
 175 Ill. 2d at 423-24, 677 N.E.2d at 835.
  

The supreme court's decisions in 
Christy
 and
 
Lewis
 thus establish that "the proportionate penalties clause is violated where two offenses have identical elements, but are subject to different sentencing ranges."
  
People v. Davis
,
 177 Ill. 2d 495, 503, 687 N.E.2d 24, 28 (1997).

In this case, the offenses that defendant asks us to compare under the "identical elements" test are (1) aggravated kidnaping (committing the offense of kidnaping while armed with a firearm) (720 ILCS 5/10-2(a)(6) (West 2000)); and (2) armed violence predicated on the offense of kidnaping while carrying a category I weapon (720 ILCS 5/33A-2(a), 33A-3(a) (West 2000)).  The aggravated kidnaping statute provides, in pertinent part, as follows:

"A kidnaper within the definition of paragraph (a) of [s]ection 10-1 is guilty of the offense of aggravated kidnaping when he:  

* * * 

(6) Commits the offense of kidnaping while armed with a firearm[.]"  720 ILCS 5/10-2(a)(6) (West 2000). 

Section 10-1 of the Criminal Code of 1961 (Code), in turn, provides, in pertinent part, that "[k]idnaping occurs when a person knowingly:  (1) [a]nd secretly confines another against his will."  720 ILCS 5/10-1(a)(1) (West 2000).  As earlier stated, although aggravated kidnaping is classified generally as a Class X felony punishable by 6 to 30 years in prison (730 ILCS 5/5-8-1(a)(3) (West 2000)), section 10-2(b) of the Code provides that aggravated kidnaping involving the commission of the offense of kidnaping by knowingly and secretly confining another against her will while armed with a firearm, such as a handgun, constitutes a Class X felony, for which 15 years shall be added to the term of imprisonment imposed by the court (720 ILCS 5/10-2(b) (West 2000)).  Thus, in reality, aggravated kidnaping (committing the offense of kidnaping while armed with a firearm) is punishable by 21 to 45 years in prison.  720 ILCS 5/10-2(b) (West 2000); 730 ILCS 5/5-8-1(a)(3) (West 2000).     

The armed violence statute provides, in pertinent part, as follows:

"A person commits armed violence when, while armed with a dangerous weapon, he commits any felony defined by Illinois Law, except first degree murder, attempted first degree murder, intentional homicide of an unborn child, predatory criminal sexual assault of a child, aggravated criminal sexual assault, aggravated kidnaping, aggravated battery of a child, home invasion, armed robbery, or aggravated vehicular hijacking."  720 ILCS 5/33A-2(a) (West 2000).  

Section 33A-1(c)(1) provides that "[a] person is considered armed with a dangerous weapon for purposes of this [a]rticle, when he or she carries on or about his or her person or is otherwise armed with a [c]ategory I, [c]ategory II, or [c]ategory III weapon."  720 ILCS 5/33A-1(c)(1) (West 2000).  A category I weapon "is a handgun, sawed-off shotgun, sawed-off rifle, any other firearm small enough to be concealed upon the person, semiautomatic firearm, or machine gun."  720 ILCS 5/33A-1(c)(2) (West 2000).  Armed violence predicated on the offense of kidnaping while carrying a category I weapon, such as a handgun, is a Class X felony "for which the defendant shall be sentenced to a minimum term of imprisonment of 15 years."  720 ILCS 5/33A-3(a) (West 2000).  Thus, armed violence with a category I weapon is a Class X felony with a sentencing range of 15 to 30 years.  730 ILCS 5/5-8-1(a)(3) (West 2000).  

Reviewing the pertinent statutory provisions, it is clear that the commission of the offense of kidnaping while armed with a firearm, such as a handgun, constitutes both aggravated kidnaping and armed violence.  However, as earlier stated, aggravated kidnaping is a Class X felony that is punishable by 21 to 45 years in prison, while armed violence is a Class X felony that is punishable by 15 to 30 years in prison.  Like 
Christy
 and 
Lewis
, this case involves two substantively identical offenses which, illogically, are punished with disparate penalties.  Thus, in accordance with the principles set forth in 
Christy
 and 
Lewis
, we conclude that the 15-year enhancement for aggravated kidnaping (committing the offense of kidnaping while armed with a firearm) (720 ILCS 5/10-2(a)(6), (b) (West 2000)) violates the proportionate penalties clause of the Illinois Constitution (Ill. Const. 1970, art. I, §11) and is unenforceable. 

Accordingly, we vacate the 15-year enhancement for defendant's aggravated kidnaping conviction and remand with directions that the trial court issue an amended written judgment to reflect that defendant's sentence for aggravated kidnaping is 25 years.  See 134 Ill. 2d R. 615(b).               

B. Sentencing

Last, defendant argues that the trial court erred by considering an element of the offenses of armed violence and aggravated kidnaping while armed with a firearm--namely, the presence of a firearm--as an aggravating factor in sentencing him.  Specifically, he contends that the court erred when it commented that defendant had "escalated his choice of weapon in that he armed himself with a firearm."  We disagree.

Initially, we note that defendant did not include this issue in his posttrial motion challenging his sentence.  Therefore, we must determine whether the trial court committed plain error.

"The plain error rule may be invoked if the evidence at a sentencing hearing was closely balanced[] or if the error was so egregious as to deprive the defendant of a fair sentencing hearing."  
People v. Hall
, 195 Ill. 2d 1, 18, 743 N.E.2d 126, 136 (2000).  The second prong of the plain error rule should be invoked only when the possible error is so serious that its consideration is "'necessary to preserve the integrity and reputation of the judicial process.' [Citation.]"  
People v. Hampton
, 149 Ill. 2d 71, 102, 594 N.E.2d 291, 305 (1992).  The rule is not a general saving clause for alleged errors but is designed to redress serious injustices.  
People v. Helm
, 282 Ill. App. 3d 32, 34, 669 N.E.2d 111, 113 (1996).  

After reviewing the record, we conclude that defendant's argument does not satisfy either requirement of the plain error rule.  Initially, we do not consider the evidence in aggravation and mitigation to be closely balanced.  Defendant offered no evidence in mitigation, and he stated in allocution that he was sorry but he did not commit the offenses.  In contrast, John Grabow, a Rantoul police officer, testified in aggravation that K.T., one of defendant's friends from high school, told Grabow that in June 1998, defendant forcibly sexually assaulted her.  Further, J.B. testified that on November 15, 1999, defendant, who was J.B.'s friend, telephoned her and asked if she wanted to "hang out" at a mutual friend's apartment.  After they arrived at that apartment, defendant told her that their other friends were going to arrive later.  After about 45 minutes, defendant told J.B. that he had a knife and forced her to perform oral sex.  The evidence presented also showed that M.S.'s life was forever changed by the present crime.    

In addition, the trial court's comment that defendant "had escalated his choice of weapons in that he armed himself with a firearm" was not so egregious as to deprive defendant of a fair sentencing hearing.  In this regard, we note that the court's comment (1) was brief and isolated, and (2) was made in the context of distinguishing defendant's current crime from his prior offenses.

III. CONCLUSION

For the reasons stated, we affirm in part, vacate in part, and remand with directions.

Affirmed in part and vacated in part; cause remanded with directions.

COOK and APPLETON, JJ., concur.