NO. 4-03-0116

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

THE PEOPLE OF THE STATE OF ILLINOIS,

          Plaintiff-Appellee,

          v.

OLUGBALAH RIDLEY,

          Defendant-Appellant.

)

)

)

)

)

)

)

)

  Appeal from

  Circuit Court of 

  Champaign County

  No. 00CF866

  Honorable

  Thomas J. Difanis­,

  Judge Presiding.

______________________________________________________________

JUSTICE TURNER delivered the opinion of the court:

In June 2000, the State charged defendant, Olugbalah Ridley, with armed robbery.  In August 2000, a jury found defen­dant guilty.  The trial court sentenced defendant to 21 years' imprisonment.  In November 2002, this court affirmed defendant's conviction, vacated his sentence, and remanded for a new senten­cing hearing.  In January 2003, the trial court sentenced defen­dant to 15 years' imprisonment.

On appeal, defendant argues the trial court erred in sentencing him to a prison term greater than six years.  We affirm.

I. BACKGROUND

In August 2000, a grand jury indicted defendant on the charge of armed robbery alleging he, while armed with a dangerous weapon, a gun, took property from the presence of Kenyon Ross by the use of force in violation of section 18-2(a)(2) of the Criminal Code of 1961 (Criminal Code) (720 ILCS 5/18-2(a)(2) (West 2000)).  A jury found defendant guilty.  In September 2000, the trial court sentenced defendant to 6 years' imprisonment plus an additional 15-year enhancement pursuant to section 18-2(b) of the Criminal Code (720 ILCS 5/18-2(b) (West 2000)).  The court also found the armed robbery resulted in great bodily harm to the victim, requiring defendant to serve 85% of the sentence imposed. 

In November 2002, defendant appealed, arguing, 
inter
 
alia
, the 15-year sentence enhancement must be vacated in light of 
People v. Walden
, 199 Ill. 2d 392, 769 N.E.2d 928 (2002).  This court affirmed defendant's conviction but, in light of 
Walden
, vacated defendant's 15-year sentence enhancement and remanded for a new sentencing hearing.  
People v. Ridley
, No. 4-00-1064 (November 14, 2002) (unpublished order under Supreme Court Rule 23).  

In January 2003, defendant filed a memorandum of law prior to the resentencing hearing, arguing the trial court was required to sentence defendant to six years in prison.  The court sentenced defendant to 15 years' imprisonment.  Defendant filed a motion to reconsider, which the trial court denied.  This appeal followed.  

II. ANALYSIS

Defendant argues the trial court should have sentenced him to a six-year prison term, thereby striking the unconstitutional portion of his original sentence.  We disagree.

Defendant's sole argument on appeal is that his case is governed by this court's ruling in 
People v. Baker
, 341 Ill. App. 3d 1083, 794 N.E.2d 353 (2003).  In that case, the trial court sentenced the defendant to concurrent sentences of 40 years in prison for aggravated kidnaping, which included a 15-year enhancement for being armed with a firearm, 30 years in prison for armed violence, and 5 years in prison for unlawful possession of a weapon by a felon.  
Baker
, 341 Ill. App. 3d at 1084-85, 794 N.E.2d at 355.  On appeal, the defendant argued, 
inter
 
alia
, the 15-year enhancement for aggravated kidnaping violated the proportionate penalties clause of the Illinois Constitution (Ill. Const. 1970, art. I, §11).  
Baker
, 341 Ill. App. 3d at 1085, 794 N.E.2d at 355.  This court agreed, vacated the 15-year enhancement, and remanded with directions that the trial court issue an amended written judgment to reflect the defendant's sentence for aggravated kidnaping was 25 years.  
Baker
, 341 Ill. App. 3d at 1090, 794 N.E.2d at 359. 

This court did not hold, as defendant contends, the defendant's sentence in 
Baker
 had to be set at 25 years as a result of subtracting the 15-year enhancement from the 40 years imposed initially by the trial court.  Instead, this court reduced the defendant's sentence for aggravated kidnaping to 25 years to be served concurrently with the defendant's 30-year sentence for armed violence.  This court used its power pursuant to Supreme Court Rule 615(b) (134 Ill. 2d R. 615(b)) and nowhere did this court indicate a reviewing court could not remand for a new sentencing hearing.  Moreover, defendant advances no argument why a new sentencing hearing would be inappro­priate, prejudicial, or otherwise unlawful.

We further note section 5-5-4 of the Unified Code of Corrections (Unified Code) states, in part, as follows:

"Where a conviction or sentence has been set aside on direct review or on collateral attack, the court shall not impose a new sentence for the same offense or for a different offense based on the same conduct which is more severe than the prior sentence ***."  730 ILCS 5/5-5-4 (West 2002).

Similarly, our supreme court has stated that "a harsher sentence imposed after a successful appeal or motion to reconsider is only proper if it is based on additional bad conduct performed by the defendant after the original sentencing."  
People v. Moore
, 177 Ill. 2d 421, 433, 686 N.E.2d 587, 594 (1997).

In the case 
sub
 
judice
, the trial court sentenced defendant to 21 years in prison.  Upon resentencing, defendant received a 15-year prison sentence for the same criminal behavior.  As a result, defendant's total sentence was reduced.  Thus, defendant cannot argue the trial court increased his sentence on remand.

Section 5-5-4 of the Unified Code works to protect the due process rights of defendants "by preventing vindictiveness in resentencing a defendant for having exercised his appeal rights or his right to file a post[]judgment motion."  
People v. Woolsey
, 278 Ill. App. 3d 708, 710, 663 N.E.2d 763, 765 (1996); see also 
Bordenkircher v. Hayes
, 434 U.S. 357, 363, 54 L. Ed. 2d 604, 610, 98 S. Ct. 663, 668 (1978) ("To punish a person because he has done what the law plainly allows him to do is a due process violation of the most basic sort").  In this case, defendant has not argued the sentence imposed by the trial court resulted from vindictiveness that would justify reversal of defendant's cause.

III. CONCLUSION

For the reasons stated, we affirm the trial court's judgment.

Affirmed.

KNECHT, P.J., and APPLETON, J., specially concur separately.

PRESIDING JUSTICE KNECHT, specially concurring:

I concur but write separately in order to comment upon remarks by the trial judge.  For reasons of pique or frustration, the trial judge personalized certain comments about the legislature and a member of this court.  We have on occasion criticized the conduct or analysis of a trial judge or an advocate.  We may have been abrupt or discourteous at oral argument.  We have not criticized lawyers, judges, or legislators for their public service.  We sometimes disagree with legislative enactments, but we do not ignore them, and we do not sarcastically announce from the bench "It may come as a surprise to the legislature but on a great number of occasions, the trial court totally ignores what the legislature has suggested and in some cases mandated ***."

The trial judge was either admitting he has regularly ignored the law or was offering the opinion that his colleagues do so.  We know the latter is not true, and we trust the former was a comment borne out of frustration.  Such comments simply make us all look more like our television caricatures.  Why should the public respect and trust the process, when a judge shows disrespect for fellow public servants?

JUSTICE APPLETON, specially concurring:

I concur with the disposition authored by Justice Turner but write separately to address the comments of the trial court during argument.  Those comments included unnecessary pejorative observations about fellow members of the judiciary and the statement that 
"on a great number of occasions, the trial court totally ignores what the legislature has suggested and in some cases mandated."  It is incumbent upon members of the bench to not only respect and comply with the laws of the State of Illinois but to conduct themselves in words and actions so as to maintain and foster an honorable judiciary.  Absent such respect and deference, the integrity and impartiality of the judicial branch will be called into question by the legislative and executive branches of government and by the citizens of this state.  I therefore abjure the trial court to be more discreet in its comments as it continues to foster confidence in our legal system.