THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. TERRY BEARD, Defendant-Appellant.

First District (3rd Division)   No. 1—95—3682

Opinion filed April 16, 1997.

COUSINS, J., concurring in part and dissenting in part.

Rita A. Fry, Public Defender, of Chicago (James N. Perlman, Assistant Public Defender, of counsel), for appellant.

Jack O'Malley, State's Attorney, of Chicago (Renee Goldfarb, Susan R. Schierl, and Kathryn A. Schierl, Assistant State's Attorneys, of counsel), for the People.

JUSTICE LEAVITT delivered the opinion of the court:

Terry Beard was charged with multiple counts of armed violence, aggravated vehicular hijacking, armed robbery, aggravated kidnapping and related lesser offenses. Following a bench trial, he was convicted on all counts and sentenced to concurrent 15-year terms on four counts: aggravated vehicular hijacking, armed violence

predicated on vehicular hijacking, armed robbery and armed violence predicated on robbery. He contends that the sentences for armed violence are unconstitutionally disproportionate.

The following evidence was presented at trial. On March 28, 1995, Lanair Sullivan and Erick Sturdivant were driving home from work in Sullivan's car. When the two men got to south Houston Street in Chicago, the defendant and two others approached the car. The defendant was holding a sawed-off shotgun and one of his cohorts had a 9 millimeter handgun, which the offenders used to force Sullivan out of the car. Sullivan ran away. Meanwhile, the defendant forced Sturdivant out of the car and hit him in the head with the shotgun, causing him to fall to the ground. The defendant then stole his cash and certain personal belongings.

The defendant and the other two offenders then forced Sturdivant back into the car. One of the defendant's two cohorts drove to a nearby steel mill and forced Sturdivant into the trunk of the car. After about 45 minutes, Sturdivant, believing the offenders had gone, opened the trunk with the automatic trunk release. He later identified the shotgun held by the defendant and, after viewing the defendant in a lineup, identified the defendant as the person who had attacked him. The trial judge found the defendant guilty on all counts.

The defendant argues that his sentences are disproportionate, in violation of article I, sections 2 and 11, of the Illinois Constitution. Ill. Const. 1970, art. I, §§ 2, 11. These sections mandate penalties that are proportionate to the offenses. Defendant contends that because armed violence predicated on aggravated vehicular hijacking is the same offense as aggravated vehicular hijacking, the sentences for the two should be the same. The same logic holds for the armed violence conviction predicated on armed robbery. In *People v. Christy*, 139 Ill. 2d 172, 564 N.E.2d 770 (1990), our supreme court held that the commission of a kidnapping while armed with a three-inch knife constitutes both armed violence and aggravated kidnapping, and the fact that the former is punishable as a Class X offense while the latter is punishable only as a Class 1 felony creates an unconstitutional disproportionality in the sentencing scheme. *Christy*, 139 Ill. 2d at 181. We agree with the defendant that the same flaw is present in this case.

Count I of the charging instrument states that the defendant committed aggravated vehicular hijacking, which carries with it a minimum sentence of seven years. 720 ILCS 5/18—4(b) (West 1994). Count III charges the defendant with armed violence, based on the vehicular hijacking, which carries with it a minimum sentence of 15 years. 720 ILCS 5/33A—3(a) (West 1994). Similarly, count IV, armed

violence predicated on the robbery, carries a minimum sentence of 15 years while the armed robbery count is punishable by a minimum of 6 years. 720 ILCS 5/18—2, 730 ILCS 5/5—8—1(a)(3) (West 1994).

■ Vehicular hijacking is defined as taking a motor vehicle from the person or the immediate presence of another by the use of force or by threatening the imminent use of force. 720 ILCS 5/18—3(a) (West 1994). Aggravated vehicular hijacking is defined as the commission of vehicular hijacking while armed with a dangerous weapon. 720 ILCS 5/18—4(a)(3) (West 1994). Dangerous weapons are defined in section 33A—1 of the Code and are divided into three categories. 720 ILCS 5/33A—1(a) (West 1994). A sawed-off shotgun is a category 1 weapon. 720 ILCS 5/33A—1(b). The commission of vehicular hijacking while armed with a sawed-off shotgun constitutes aggravated vehicular hijacking, a Class X felony, carrying a minimum sentence of seven years.

■ Armed violence is defined as the commission of any felony while armed with a dangerous weapon (720 ILCS 5/33A—2 (West 1994)), and the commission of any felony while armed with a category 1 weapon is a Class X felony. 720 ILCS 5/33A—3(a) (West 1994). Thus, one who commits a vehicular hijacking while armed with a sawed-off shotgun also commits armed violence, a Class X felony, which carries a mandatory minimum sentence of imprisonment of 15 years.

■ Robbery is defined as taking property from the person or presence of another by the use of force or threatening the imminent use of force. 720 ILCS 5/18—1 (West 1994). Armed robbery is the commission of a robbery while carrying or armed with a dangerous weapon (720 ILCS 5/18—2 (West 1994)) and, as a Class X felony, is punishable by a minimum of six years' imprisonment.

■ The elements of aggravated vehicular hijacking are identical to those of the armed violence offense charged in count III. In addition, the elements of the armed robbery charge in count IV are identical to those of the armed violence charge in count II. Given this, we hold that the disparities in the penalties for armed violence predicated on both the robbery and vehicular hijacking with a category 1 weapon are unconstitutionally disproportionate under *People v. Christy*. See also *People v. Lewis*, 175 Ill. 2d 412 (1996) (holding the penalties for armed violence predicated on robbery with a category 1 weapon and armed robbery unconstitutionally disproportionate). Accordingly, we vacate the defendant's armed violence convictions and sentences.

■ The defendant also contends that the trial judge improperly based his sentences for the armed robbery and aggravated vehicular

hijacking convictions in part on the armed violence convictions we now vacate. He argues that, under *People v. Smith*, 275 Ill. App. 3d 207, 655 N.E.2d 1129 (1995), we must remand for resentencing. In *Smith*, the judge sentenced the defendant on three convictions of home invasion despite there having been only one unauthorized entry. This court remanded the case for resentencing. *Smith*, 275 Ill. App. 3d at 214. The State argues that, although the trial judge referred to the armed violence penalty provisions, he properly based the sentence on the aggravating factors in the case. In sentencing the defendant, however, the judge stated:

> "The facts are not only aggravating, the evidence is overwhelming. The Illinois Armed Violence Statute since this was legislated effective January 1st, 1995, to require a minimum fifteen year sentence. That certainly is met with at least some controversy from some members of the bar. What I found the defendant guilty of is being armed with a category one weapon in the manner and form in the indictment.

> \* \* \*

> \*\*\* [T]he court recalls People's exhibit number 1 was identified as a sawed-off shotgun, without objection that was an item in evidence at this trial, a sawed-off shot gun [*sic*] by Illinois law is a category one weapon. \*\*\* As I began to say, although the statute is controversial, this court has sometimes raised its eyebrows as to its potential application. *The legislature must have had an act in mind like Mr.Beard performed when they legislated the fifteen year minimum sentence for a person armed with a category one weapon, performed the conduct which was done by Mr. Beard.* I personally find the facts are very aggravating. The sentence of this Court sir, for aggravated vehicular hijacking is fifteen years Illinois Department of Corrections, for armed violence there's a concurrent sentence for fifteen years Illinois Department of Corrections, for armed robbery, concurrent sentence of fifteen years, Illinois Department of Corrections, under the doctrine merger [*sic*] I will not sentence the defendant for the remaining counts of the indictment." (Emphasis added.)

The judge's remarks reveal that he felt compelled to sentence the defendant to 15-year terms for the armed robbery and aggravated vehicular hijacking, despite the statutory guidelines permitting minimum sentences of between six and seven years, respectively. 730 ILCS 5/5—8—1(a)(3), 720 ILCS 5/18—4(b) (West 1994). We agree with the defendant that the judge, given his remarks, sentenced the defendant for the aggravated vehicular hijacking and armed robbery counts with a belief that a 15-year minimum sentence was required

in light of the convictions for armed violence. Accordingly, we remand this case for resentencing on these counts.

■ Finally, the State argues that the trial judge erred when he determined that the two counts of aggravated battery and one count of aggravated kidnapping merged into defendant's armed robbery, armed violence and aggravated vehicular kidnapping convictions. The State argues that these crimes did not merge with any of the crimes for which the defendant was convicted and that this court should therefore reinstate the defendant's convictions on these charges and remand for resentencing. We cannot entertain the State's argument that the trial judge erred in sentencing the defendant. In arguing that the trial judge erred, the State is taking on the role of an appellant. Supreme Court Rule 604(a) (134 Ill. 2d R. 604(a)) strictly limits the State's right to appeal. Under Rule 604(a), "the State may appeal only from an order or judgment the substantive effect of which results in dismissing a charge for any of the grounds enumerated in section 114—1 of the Code of Criminal Procedure." 134 Ill. 2d R. 604(a). Section 114—1 does not include, as grounds for appeal, the State's claim here. 725 ILCS 5/114—1 (West 1994). Thus, the State is precluded from challenging the defendant's sentence because the appeal does not fall within the exception limiting appeals by the State. Moreover, it is well settled that the State is precluded from challenging the sentence imposed on a criminal defendant. *People v. Hatfield*, 257 Ill. App. 3d 707, 711, 630 N.E.2d 463 (1994). The cases cited by the State concern the appellate court's authority to correct a sentence imposed by the trial court when the sentence is void under the applicable statute, an issue not present here.

For the foregoing reasons, we reverse the convictions for armed violence, vacate the sentences imposed on the remaining counts and remand for resentencing.

Reversed in part and remanded in part.

CAHILL, J., concurs.

JUSTICE COUSINS, specially concurring in part and dissenting in part:

On the one hand, I concur with the majority holding that both convictions and sentences for armed violence in the instant case violate the state constitutional provisions relative to proportionate penalties with respect to the crimes of aggravated vehicular hijacking and armed robbery. I agree that this issue is governed by Illinois

Supreme Court's *Christy* and *Lewis* decisions. *People v. Christy,* 139 Ill. 2d 172, 564 N.E.2d 770 (1990); *People v. Lewis,* 175 Ill. 2d 412 (1996).

On the other hand, I do not concur with the majority holding that the trial court improperly based its sentences for the armed robbery and aggravated vehicular hijacking convictions in part on the armed violence convictions. There is no disagreement that the court, in imposing the sentence, stated *inter alia:*

> "The facts are not only aggravating, the evidence is overwhelming. The Illinois Armed Violence Statute since this was legislated effective January 1st, 1995, to require a minimum fifteen year sentence. That certainly is met with at least some controversy from some members of the bar. What I found the defendant guilty of is being armed with a category one weapon in the manner and form in the indictment.
>
> The legislature must have had an act in mind like Mr. Beard performed when they legislated the fifteen year minimum sentence for a person armed with a category one weapon, performed the conduct which was done by Mr. Beard.
>
> *I personally find the facts very aggravating, the sentence of this court for aggravated vehicular hijacking is fifteen years Illinois Department of Corrections,* for armed violence there is a concurrent sentence of fifteen years Illinois Department of Corrections, for armed robbery concurrent sentence of fifteen years Illinois Department of Corrections." (Emphasis added.)

Relative to the court's statement, the majority writes: "The judge's remarks reveal that he felt compelled to sentence the defendant to 15-year terms for the armed robbery and aggravated vehicular hijacking, despite the statutory guidelines permitting minimum sentences of between six and seven years, respectively." 287 Ill. App. 3d at 939. I disagree with this interpretation of the trial court's statement.

In the instant case, the applicable statutory penalty range for armed robbery is 6 to 30 years' imprisonment. 720 ILCS 5/18—2 (West 1994); 730 ILCS 5/5—8—1(a)(3) (West 1994). Also, the applicable statutory penalty range for aggravated vehicular hijacking is 7 to 30 years' imprisonment. 720 ILCS 5/18—4 (West 1994); 730 ILCS 5/5—8—1(a)(3) (West 1994). The trial court stated *"I personally find the facts very aggravating."* In my view, this comment is a predicate for a sentence in excess of a minimum statutory penalty. Further, other remarks by the court at the sentencing establish that the court considered mitigating as well as aggravating factors in imposing the sentence. In this regard, the court began at sentencing by stating:

"Mr. Beard, you're 20 years old, you showed little remorse for the actions that bring you before this court."

The court then recounted the actions and concluded with the words preceding and next to the sentence for aggravated vehicular hijacking, "I personally find the facts very aggravating." These words, in particular, and other statements by the trial court, generally, are in derogation of a holding on appeal that the remarks of the trial court indicate a disregard for the statutory guidelines permitting minimum sentences of between six and seven years. Before reversing or vacating a sentence of a trial court it must be clearly evident that the sentence was improperly imposed. See *People v. Ward*, 113 Ill. 2d 516, 526, 499 N.E.2d 422 (1986).

Accordingly, I dissent from the part of the holding on appeal vacating the aggravated vehicular hijacking and armed robbery sentences and remanding for resentencing.