SECOND DIVISION
APRIL 26, 2011

1-09-0221

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v . | ) | No. 07 CR 22774 |
| | ) | |
| TERRY HAWKINS, | ) | Honorable |
| | ) | Stanley Sacks, |
| Defendant-Appellant. | ) | Judge Presiding. |

PRESIDING JUSTICE CUNNINGHAM delivered the judgment of the court, with opinion. Justices Karnezis and Harris concurred in the judgment and opinion.

## OPINION

Following a bench trial in the circuit court of Cook County, the defendant, Terry Hawkins, was convicted of three counts of aggravated criminal sexual assault and four counts of aggravated kidnapping, and subsequently sentenced to 7 years of imprisonment for each of the three counts of criminal sexual assault, to be served consecutively, for a total of 21 years in prison. The defendant's sole argument on appeal is that the mandatory consecutive sentences for his aggravated criminal sexual assault convictions violate the proportionate sentencing provision of the Illinois Constitution. For the following reasons, we affirm the judgment of the circuit court of Cook County.

## BACKGROUND

The following uncontested evidence was adduced from the defendant's bench trial.

On the evening of September 28, 2007, the victim, 13-year-old Jessica R. (Jessica), surreptitiously and without parental consent left her home on West 65th Street in Chicago, Illinois, to visit a friend. When Jessica discovered that her friend was not at home, she began to walk home

through an alley when a car, driven by the defendant, approached her. Jessica described the vehicle as a big, dark-colored car with a rear window missing. The defendant asked her where she was going and offered her a ride. When Jessica declined, the defendant told her to get into the car, at which point Jessica began to run. The defendant, while holding a knife, chased Jessica on foot. He caught Jessica and pulled her into his vehicle. The defendant drove to a liquor store, where he left Jessica in the car after warning her that "some guys [were] keeping a watch on [her]" and would harm her if she tried to escape. After the detour to the liquor store, the defendant drove Jessica to a first-floor apartment in a two-story building. There, the defendant forced Jessica to drink beers, smoke a cigarette, which she believed to have been laced with cocaine, and then forced her to perform various sexual acts with him. Subsequently, when the defendant was distracted by a knock at the door, Jessica escaped through a living room window, injuring her face and ribs. Jessica then ran to a nearby house where she hid on the front porch until the resident of that home, Erica Mascio (Erica), returned home. Erica did not know Jessica, but recognized that she was in distress after hearing Jessica's account of what had occurred. Erica then took Jessica to the police station to report the crime and accompanied her to the hospital for treatment.

In a police photographic array prepared by Detective Matthews several days later, on October 3, 2007, Jessica identified the defendant as the offender. In a police physical lineup following the defendant's arrest on October 13, 2007, Jessica positively identified the defendant as her attacker. Further, forensics testing revealed that swab samples taken from Jessica with a sexual assault kit at the hospital after the attack matched the DNA profile of the defendant.

The defendant was then charged with 24 counts of criminal sexual assault, aggravated criminal

sexual assault, kidnapping and aggravated kidnapping. Following closing arguments at the bench trial, the trial court found the defendant guilty of three counts of aggravated criminal sexual assault and four counts of aggravated kidnapping. Subsequently, the trial court denied the defendant's motion for a new trial.

On December 18, 2008, the trial court sentenced the defendant to 7 years in prison for each of the three counts of his aggravated criminal sexual assault convictions, to be served consecutively, for a total of 21 years in prison. No sentences were imposed for the four counts of aggravated kidnapping because the trial court found that those counts merged with the aggravated criminal sexual assault counts. Subsequently, the trial court denied the defendant's motion to reconsider the sentence. On January 16, 2009, a timely notice of appeal was filed before this court.

ANALYSIS

The sole issue before this court is whether the mandatory consecutive sentences for his aggravated criminal sexual assault convictions violate the proportionate sentencing provision of the Illinois Constitution. The constitutionality of a statute is purely a matter of law, which we review *de novo*. *People v. Sharpe*, 216 Ill. 2d 481, 487, 839 N.E.2d 492, 497 (2005).

The defendant argues that the mandatory consecutive sentences for his aggravated criminal sexual assault convictions, for which he received 21 years of imprisonment, violated the proportionate sentencing provisions of the Illinois Constitution because the offense of aggravated kidnapping, which required proof of identical elements as the offense of aggravated criminal sexual assault, does not mandate consecutive sentences. As a result, the defendant maintains, the penalty for the offense of aggravated criminal sexual assault is unconstitutional because it provides for "greater minimum

sentences than would be imposed for aggravated kidnapping, while requiring proof of identical elements." Specifically, the defendant contends that the elements of aggravated criminal sexual assault and aggravated kidnapping are *identical* because the acts of criminal sexual assault became "aggravated" when they occurred during the commission of aggravated kidnapping. He also argues that the conduct of kidnapping Jessica was elevated to "aggravated kidnapping" because it was predicated on his criminal sexual assault upon Jessica. In support of his arguments, the defendant cites *People v. Christy*, 139 Ill. 2d 172, 564 N.E.2d 770 (1990), *People v. Beard*, 287 Ill. App. 3d 935, 679 N.E.2d 456 (1997), and *People v. Baker*, 341 Ill. App. 3d 1083, 794 N.E.2d 353 (2003).

The State counters that the crimes of aggravated criminal sexual assault and aggravated kidnapping are "two wholly distinguishable crimes requiring proof of different elements," and thus, the statutory requirement of mandatory consecutive sentences for aggravated criminal sexual assault convictions is not unconstitutional. The State argues that the defendant attempts to shift the court's attention to one element–the aggravating factor–and "urges this [c]ourt to ignore the other elements of the offenses which are truly divergent." The State further maintains that even if the offenses contained identical elements, the statutes at issue here are subject to the same exact sentencing range–namely, Class X felonies for which a convict may be sentenced between 6 to 30 years in prison–and thus, do not violate the proportionate penalties clause. Rather, the State argues that mandatory consecutive sentencing only affects the *manner* by which the sentence is carried out and not the *punishment* itself. Moreover, the State maintains that "mandatory consecutive sentencing for multiple convictions of aggravated criminal sexual assault has been upheld numerous times and for a variety of reasons by this [c]ourt and other courts in the state."

4

Statutes carry a strong presumption of constitutionality. *Sharpe*, 216 Ill. 2d at 487, 839 N.E.2d at 497. "To overcome this presumption, the party challenging the statute must clearly establish that it violates the constitution." *Id.* A reviewing court has "a duty to construe a statute in a manner that upholds its validity and constitutionality if it reasonably can be done." *People v. Graves*, 207 Ill. 2d 478, 482, 800 N.E.2d 790, 792 (2003). Generally, courts "defer to the legislature in the sentencing arena because the legislature is institutionally better equipped to gauge the seriousness of various offenses and to fashion sentences accordingly." *Sharpe*, 216 Ill. 2d at 487, 839 N.E.2d at 497. A party may challenge the constitutionality of a statute at any time. *People v. Wagener*, 196 Ill. 2d 269, 279, 752 N.E.2d 430, 438 (2001).

Article I, section 11, of the Illinois Constitution states in relevant part the following regarding penalties after conviction: "[a]ll penalties shall be determined both according to the seriousness of the offense and with the objective of restoring the offender to useful citizenship." Ill. Const. 1970, art. I, §11. This provision, known as the proportionate penalties clause, mandates that penalties be proportionate to the offenses committed. *Christy*, 139 Ill. 2d at 177, 564 N.E.2d at 772. A "proportionality challenge" derives from article I, section 11, of the Illinois Constitution, and "contends that the penalty in question was not determined according to the seriousness of the offense." *Sharpe*, 216 Ill. 2d at 487, 839 N.E.2d at 498. Our supreme court has recognized two distinct ways by which a "proportionality challenge" may be asserted. *Id.* at 488, 839 N.E.2d at 498. First, a penalty violates the proportionate penalties clause "if it is cruel, degrading, or so wholly disproportionate to the offense committed as to shock the moral sense of the community." *Id.* at 487, 839 N.E.2d at 498. Second, the proportionate penalties clause is violated "where offenses with

5

identical elements are given different sentences " (identical elements test). *Id.* (abandoning a third method–the "cross-comparison analysis"–because it had proved to be problematic and unworkable); *Graves*, 207 Ill. 2d at 485, 800 N.E.2d at 793-94. The defendant does not contend that the penalty for his aggravated criminal sexual assault conviction was "cruel, degrading, or so wholly disproportionate to the offense committed as to shock the moral sense of the community." Rather, he contends only that, under the identical elements test, the proportionate penalties clause was violated because the offense of aggravated criminal sexual assault and the offense of aggravated kidnapping have identical elements but yet have different sentences.

Under the identical elements test, "the elements of the respective offenses must be *identical* before the proportionate penalties clause will be implicated." (Emphasis in original.) *Graves*, 207 Ill. 2d at 483, 800 N.E.2d at 792.

Section 12-13(a)(1) of the Criminal Code of 1961 (Code) states that a person commits criminal sexual assault if he "commits an act of sexual penetration by the use of force or threat of force." 720 ILCS 5/12-13(a)(1) (West 2006). Section 12-14(a)(4) of the Code states that a person commits *aggravated* criminal sexual assault if he "commits criminal sexual assault" and the offense was "perpetrated during the course of the commission or attempted commission of any other felony by the accused." 720 ILCS 5/12-14(a)(4) (West 2008). A kidnapping occurs "when a person knowingly: (1) [a]nd secretly confines another against his will, or (2) [b]y force or threat of imminent force carries another from one place to another with intent secretly to confine him against his will." 720 ILCS 5/10-1(a)(1), (a)(2) (West 2008). An offense of kidnapping becomes *aggravated* kidnapping when the accused commits kidnapping under section 10-1(a) of the Code and "[i]nflicts

6

great bodily harm, other than by the discharge of a firearm, or commits another felony upon his victim." 720 ILCS 5/10-2(a)(3) (West 2008). Aggravated kidnapping also occurs when the kidnapper "[c]ommits the offense of kidnap[p]ing while armed with a dangerous weapon, other than a firearm, as defined in [s]ection 33A-1 of the [Code]." 720 ILCS 5/10-2(a)(5) (West 2008).

In the case at bar, the defendant was convicted of both aggravated criminal sexual assault and aggravated kidnapping, both of which are Class X felonies subject to a sentencing range of 6 to 30 years of imprisonment. See 730 ILCS 5/5-8-1(a)(3) (West 2008). We first determine whether the elements that must be proved for each respective offense are identical, thus implicating the proportionate penalties clause. We will then decide whether the penalties for these offenses are unconstitutionally disproportionate.

In *Christy*, the defendant was convicted of both armed violence predicated on kidnapping with a weapon, a Class X felony, and one count of kidnapping, a Class 2 felony. *Christy*, 139 Ill. 2d at 173, 564 N.E.2d at 770. The defendant was sentenced to concurrent extended-term sentences of 60 years in prison for armed violence and 14 years in prison for kidnapping. *Id.* at 174, 564 N.E.2d at 771. Armed violence is defined as the commission of *any felony* while armed with a dangerous weapon. (Emphasis in original.) *Id.* at 177, 564 N.E.2d at 772. On appeal to our supreme court, the defendant argued that the penalties for *aggravated* kidnapping and armed violence were constitutionally disproportionate because each offense required the same elements, yet the penalty for armed violence was more severe. *Id.* at 178, 564 N.E.2d at 772. The *Christy* court agreed and observed that the commission of kidnapping while armed with a knife with a blade of at least three inches in length "constitutes *both* aggravated kidnapping and armed violence," because the elements

7

for each of the offense were identical. (Emphasis in original.) *Id.* at 181, 564 N.E.2d at 774. Our supreme court further noted that, nevertheless, aggravated kidnapping was a Class 1 felony at that time, while armed violence was a Class X felony with a more severe minimum and maximum sentencing range. *Id.* Thus, the *Christy* court held, the penalties for aggravated kidnapping and armed violence were unconstitutionally disproportionate. *Id.*

In *Beard*, the defendant was convicted of aggravated vehicular hijacking, armed violence predicated on vehicular hijacking, armed robbery and armed violence predicated on robbery, and sentenced to concurrent 15-year terms on all four counts. *Beard*, 287 Ill. App. 3d at 936-37, 679 N.E.2d at 456-57. On appeal, the defendant argued that the sentences for armed violence were unconstitutionally disproportionate. *Id.* at 937, 679 N.E.2d at 457. The reviewing court found that the elements of aggravated vehicular hijacking were identical to those of armed violence predicated on aggravated vehicular hijacking, yet the penalties for each offense–minimum of 7 years in prison for aggravated vehicular hijacking and a minimum of 15 years of prison for armed violence predicated on aggravated vehicular hijacking–were different. *Id.* at 938, 679 N.E.2d at 458. Similarly, the *Beard* court found that the elements of armed robbery were identical to the elements of armed violence predicated on robbery, yet the penalties for each offense–6 years in prison and 15 years in prison, respectively–were disproportionate. *Id.* The *Beard* court then held that "the disparities in the penalties for armed violence predicated on both *** robbery and vehicular hijacking with a [sawed off] weapon [were] unconstitutionally disproportionate." *Id.*

Likewise, in *Baker*, the defendant was convicted of armed violence, unlawful possession of a weapon by a felon, and aggravated kidnapping–which he had committed while armed with a firearm.

*Baker*, 341 Ill. App. 3d at 1084, 794 N.E.2d at 355. The defendant was sentenced to 40 years in prison for aggravated kidnapping, which included a 15-year enhancement for being armed with a firearm, 30 years for armed violence and 5 years for unlawful possession of a weapon by a felon. *Id.* at 1084-85, 794 N.E.2d at 355. On appeal, the defendant argued that the 15-year enhancement for aggravated kidnapping violated the proportionate penalties clause of the Illinois Constitution. *Id.* at 1085, 794 N.E.2d at 355. The reviewing court agreed, finding that, like *Christy*, "the commission of the offense of kidnap[p]ing while armed with a firearm, such as a handgun, constitutes both aggravated kidnap[p]ing and armed violence." *Id.* at 1089, 794 N.E.2d at 359. Because aggravated kidnapping was a Class X felony punishable by 21 to 45 years in prison including the 15-year sentence enhancement, while armed violence was a Class X felony punishable by only 15 to 30 years in prison, the reviewing court held that the 15-year enhancement for aggravated kidnapping violated the proportionate penalties clause. *Id.* at 1090, 794 N.E.2d at 359.

In the instant case, the defendant was convicted of three counts of aggravated criminal sexual assault (counts 4, 9 and 14 of the indictment), and four counts of aggravated kidnapping (counts 16, 17, 18 and 19 of the indictment). Counts 4, 9 and 14 charged that under section 12-14(a)(4) of the Code, the defendant "intentionally or knowingly committed an act of sexual penetration upon [Jessica], *** by the use of force or threat of force, and the criminal sexual assault was perpetrated during the course of the commission of any other felony, to wit: aggravated kidnap[p]ing." Thus, under each of these counts, the State was required to prove the elements of (1) sexual penetration; (2) use of force or threat of force; and (3) aggravated kidnapping.

Counts 16 to 19 charged the defendant with aggravated kidnapping, which we shall address

in turn. Count 16 charged that, under section 10-2(a)(3) of the Code, the defendant "knowingly and secretly confined Jessica *** against her will, and he committed another felony upon Jessica ***, to wit: criminal sexual assault." Likewise, count 18 charged that, also under section 10-2(a)(3) of the Code, the defendant "knowingly by force or threat of imminent force carried Jessica *** from one place to another with intent secretly to confine her against her will, and he committed another felony upon Jessica ***, to wit: criminal sexual assault." Thus, under counts 16 and 18, the State was required to prove the elements of (1) confinement of Jessica against her will, or the carrying of Jessica by force or threat of imminent force with intent to confine her; and (2) criminal sexual assault. Comparing the elements of counts 4, 9 and 14 with the elements of counts 16 and 18, we find that the elements of aggravated criminal sexual assault (counts 4, 9, 14) are *not* identical to the elements needed by the State to prove aggravated kidnapping under counts 16 and 18. Specifically, to prove the offense of aggravated criminal sexual assault (counts 4, 9 and 14), the State needed to prove: (1) sexual penetration; (2) use of force or threat of force; and (3) aggravated kidnapping–which, essentially, are the elements used to prove counts 16 and 18 (confinement of Jessica against her will, or the carrying of Jessica by force or threat of imminent force with intent to confine her, plus the commission of a felony upon Jessica—criminal sexual assault). However, to prove the offense of aggravated kidnapping under counts 16 and 18, the State only needed to prove the elements of kidnapping plus the commission of criminal sexual assault (sexual penetration and use of force or threat of force), but not *aggravated* criminal sexual assault. The lack of a need to prove an aggravating factor for criminal sexual assault under counts 16 and 18 created differences between the elements of the two offenses in this case.

10

These differences are even more glaring when we examine the elements of aggravated kidnapping under counts 17 and 19, and compare them to the elements of aggravated criminal sexual assault under counts 4, 9 and 14. Count 17 charged that, under section 10-2(a)(5) of the Code, the defendant "knowingly and secretly confined Jessica *** against her will, and he committed the offense of kidnap[p]ing while armed with a dangerous weapon, other than a firearm, to wit: a knife." Count 19 charged that, also under section 10-2(a)(5) of the Code, the defendant "knowingly by force or threat of imminent force carried Jessica *** from one place to another with intent secretly to confine her against her will, and he committed the offense of kidnap[p]ing while armed with a dangerous weapon, other than a firearm, to wit: a knife." Thus, under counts 17 and 19, the State was required to prove the elements of (1) confinement of Jessica against her will, or the carrying of Jessica by force or threat of imminent force with intent to confine her; and (2) the presence of a knife. We find that the elements of aggravated kidnapping under counts 17 and 19 are *not* identical to the elements of aggravated criminal sexual assault under counts 4, 9 and 14. Specifically, to prove the offense of aggravated kidnapping under counts 17 and 19, the State needed to prove the elements of kidnapping plus the presence of a knife, but not any of the elements for aggravated criminal sexual assault. Thus, we find that the elements of these two offenses are not identical, and the defendant's argument that these two offenses have identical elements must fail. See *People v. Koppa*, 184 Ill. 2d 159, 166-68, 703 N.E.2d 91, 96-97 (1998) (finding that the charge of armed violence predicated on aggravated criminal sexual abuse and the two counts of aggravated criminal sexual abuse did not share identical elements because the armed violence offense required proof of an additional element of "bodily harm to the victim." Likewise, armed violence based on the predicate felony of aggravated kidnapping and

11

the offense of aggravated kidnapping against the defendant were not identical because the armed violence charge required the additional element of "concealment of identity"). Therefore, because the elements for aggravated criminal sexual assault and aggravated kidnapping are not identical, the proportionate penalties clause was not implicated to afford the defendant the relief sought. See *Graves*, 207 Ill. 2d at 483, 800 N.E.2d at 792.

Even if the elements of aggravated criminal sexual assault and aggravated kidnapping were identical, the defendant would still not be entitled to relief because he cannot show that the identical offenses were given different sentences. See *id.* at 485, 800 N.E.2d at 793-94 (under the identical elements test, the proportionate penalties clause is violated where offenses with identical elements are given *different* sentences); *Baker*, 341 Ill. App. 3d at 1088, 794 N.E.2d at 358 (offenses that have identical elements but different *sentencing ranges* violate the proportionate penalties clause).

In the case at bar, the defendant was sentenced to 7 years of imprisonment for each of the three counts of aggravated criminal sexual assault, to be served consecutively, for a total of 21 years in prison. As noted, the defendant was not sentenced for his convictions of aggravated kidnapping because the trial court found that those counts merged with the aggravated criminal sexual assault counts.

The defendant maintains that the mandatory consecutive sentences for his aggravated criminal sexual assault convictions violated the proportionate penalties clause because the offense of aggravated kidnapping does not mandate the imposition of consecutive sentences, even though, he argues, the offenses contain identical elements. He contends that, consequently, the offense of aggravated criminal sexual assault provides for greater minimum sentences "than would be imposed

for aggravated kidnapping."

We find the defendant's argument to be without merit. First, we note that section 5-8-4(a)(ii) of the Unified Code of Corrections states that "the court shall impose consecutive sentences" if the defendant was convicted of a violation of section 12-13 or 12-14 of the Code. 730 ILCS 5/5-8-4(a)(ii) (West 2008). "[I]t is the province of the legislature to define offenses and determine the penalties required to protect society's interests." *People v. Williams*, 263 Ill. App. 3d 1098, 1104, 638 N.E.2d 207, 212 (1994). The legislature, and not the courts, is in the best position "to investigate and ascertain the evils confronting society and gauge their seriousness." *Id.*

Second, we find that unlike *Christy*, *Beard* and *Baker*, in which the penalties for offenses with identical elements had different sentencing ranges and were found to be unconstitutionally disproportionate, the two offenses at issue in the instant case–aggravated criminal sexual assault and aggravated kidnapping–have the same exact sentencing range. See *Christy*, 139 Ill. 2d at 173-74, 564 N.E.2d at 770 (one offense at issue was a Class X felony, while a second offense was a Class 1 felony, subject to different minimum and maximum sentencing ranges); *Beard*, 287 Ill. App. 3d at 938, 679 N.E.2d at 458 (sentencing ranges for armed violence and the predicate offenses carried different minimum and maximum sentencing ranges); *Baker*, 341 Ill. App. 3d at 1090, 794 N.E.2d at 359 (two offenses with identical elements carried different sentencing ranges–21 to 45 years in prison and 15 to 30 years in prison). In this case, both offenses are classified as Class X felonies subject to a sentencing range of 6 to 30 years of imprisonment. See 720 ILCS 5/10-2(b), 12-14(d)(1) (West 2008); 730 ILCS 5/5-8-1(a)(3) (West 2008). Rather, as the State points out, the mandatory consecutive sentencing structure for the offense of aggravated criminal sexual assault affects only the

*manner* by which the sentence is carried out, and not the *punishment* itself. See *People v. Anderson*, 325 Ill. App. 3d 624, 638, 759 N.E.2d 83, 95 (2001) ("consecutive sentencing does not increase any of defendant's individual sentences for an offense beyond the statutory maximum, but determines the manner in which those sentences will be served"); see also *People v. Phelps*, 211 Ill. 2d 1, 14, 809 N.E.2d 1214, 1222 (2004) (consecutive sentencing determines only the manner in which a defendant will serve his sentences for multiple offenses); *People v. Avery*, 321 Ill. App. 3d 414, 419, 749 N.E.2d 386, 391 (2001) (the imposition of consecutive sentences does not constitute an increase in penalty).

In the instant case, the defendant was sentenced to seven years in prison for each of the three counts of aggravated criminal sexual assault for which he was convicted. The 7-year sentence for each count fell within the statutory sentencing range of 6 to 30 years, and the imposition of his 7-year sentences as a consecutive sentence affected only the manner by which the sentence is carried out and did not constitute an increase in penalty. See 730 ILCS 5/5-8-1(a)(3) (West 2008). For the reasons discussed, we hold that the two offenses at issue did not require identical elements of proof and the sentencing ranges for the offenses do not implicate the proportionate penalties clause of the Illinois Constitution.

For the foregoing reasons, we affirm the judgment of the circuit court of Cook County.

Affirmed.