2023 IL App (1st) 1211434-U

FIFTH DIVISION
FEBRUARY 3, 2023

No. 1-21-1434

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) | Appeal from the Circuit Court of |
| Plaintiff-Appellee, | ) ) | Cook County. |
| v. | ) ) | No. 00 CR 24940 |
| TERE MAGEE, | ) ) | Honorable James B. Linn, |
| Defendant-Appellant, | ) | Judge Presiding. |

_____

JUSTICE LYLE delivered the judgment of the court.
Presiding Justice Delort and Justice Mitchell concurred in the judgment.

**ORDER**

¶ 1    *Held*:    The trial court did not err by dismissing the defendant's postconviction petition at the second stage.

¶ 2    On January 2, 2013, the defendant-appellant, Tere Magee, filed a *pro se* postconviction petition in the circuit court of Cook County following his convictions for aggravated criminal sexual assault and armed robbery. On May 10, 2016, the postconviction petition advanced to the second stage. On December 18, 2019, Mr. Magee filed a supplemental postconviction petition. The State filed a motion to dismiss the supplemental postconviction petition, which the trial court

granted. On appeal, Mr. Magee contends that the trial court erred in dismissing his petition because it presented a substantial showing of a violation of the proportionate penalties clause of the Illinois Constitution. For the reasons set forth below, we affirm the ruling of the circuit court of Cook County.

¶ 3                                    BACKGROUND

¶ 4     In May 2007, following a bench trial, the trial court found Mr. Magee guilty of five counts of armed robbery, two counts of aggravated criminal sexual assault, and three counts of aggravated criminal sexual abuse. Each count arose from acts that Mr. Magee committed against several women within a Chicago beauty salon in August 2000. Mr. Magee was sentenced to five concurrent 10-year terms on the armed robbery counts, to be served consecutively to five concurrent 20-year terms on the aggravated criminal sexual assault and aggravated criminal sexual abuse counts. He received an aggregate sentence of 30 years' imprisonment, which would run consecutively to a sentence of 50 years' imprisonment previously imposed in a separate case.

¶ 5     In a direct appeal, Mr. Magee argued, and the State conceded, that there was insufficient evidence for his convictions for aggravated criminal sexual abuse, and that one of his two convictions for aggravated criminal sexual assault should be vacated because it violated the one-act, one-crime doctrine. Thus, in a summary order, we vacated the convictions on the three aggravated criminal sexual abuse counts and directed the trial court to determine which of the two aggravated criminal sexual assault counts was "more serious" and which counts should be vacated. *People v. Magee*, No. 1-09-3229 (order filed March 31, 2011; modified order filed May 17, 2011). We also acknowledged that, while the legislature created a mandatory firearm enhancement for aggravated criminal sexual assault involving a firearm, which was declared unconstitutional, it was clear that the firearm enhancement was not applied to Mr. Magee's sentence. Accordingly,

we otherwise affirmed the remaining convictions. On remand, Mr. Magee was sentenced on October 24, 2012[1] to five concurrent 10-year terms for armed robbery, to be served consecutively to a 20-year sentence for a single count of aggravated criminal sexual assault with a firearm, resulting in an aggregate sentence of 30 years.

¶ 6     On January 2, 2013, Mr. Magee, acting *pro se*, filed a postconviction petition, asserting that his sentence for aggravated criminal sexual assault with a firearm violated the proportionate penalties clause of the Illinois Constitution. In particular, Mr. Magee's petition stated that, pursuant to section 3-6-3(a)(2)(ii) of the Unified Code of Corrections (Unified Code), often referred to as a "truth-in-sentencing" provision, a person convicted of aggravated criminal sexual assault must serve at least 85% of his sentence. 730 ILCS 5/3-6-3(a)(2)(ii) (West 2012). More specifically, it stated that a person convicted of certain specified offenses may "receive no more than 4.5 days of sentence credit for each month of his or her sentence of imprisonment." 730 ILCS 5/3-6-3(a)(2)(ii) (West 2012). He argued, on the other hand, a person convicted of armed violence with a category I weapon predicated on criminal sexual assault—which has "identical elements" to the offense of aggravated criminal sexual assault would be eligible for day-for-day good time credit, unless the court has made a finding that the victim has suffered great bodily harm[2], (see 730 ILCS 5/3-6-3(a)(2)(iii), (a)(2.1) (West 2012)). In essence, Mr. Magee would only be required to serve 50% of his sentence if he received the day-for-day good time credit and would be eligible for release from prison earlier. Mr. Magee's postconviction petition asserted that these provisions resulted in

---

[1] On August 1, 2011, the trial court issued a new sentencing order that vacated one of the aggravated criminal sexual assault counts, but failed to vacate the three counts of criminal sexual abuse in compliance with this court's summary order. The defendant subsequently moved to correct the mittimus, and the trial court issued a corrected sentencing order on October 24, 2012.

[2] Notably, a finding of great bodily harm was not made in this case.

different penalties for offenses with identical elements in violation of the proportionate penalties clause.

¶ 7    On February 7, 2013, the trial court summarily dismissed Mr. Magee's postconviction petition at the first stage of postconviction proceedings. Mr. Magee appealed the decision, and this court reversed and remanded the case for a second stage postconviction proceeding. *People v. Magee*, 2015 IL App (1st) 130982-U. This court found that the issue raised had arguable merit and was not frivolous, meeting the low threshold at the first stage of postconviction proceedings.

¶ 8    On December 18, 2019, Mr. Magee filed a supplemental postconviction petition, which alleged the same arguments as his previous postconviction petition. The State filed a motion to dismiss, arguing that Mr. Magee failed to make a substantial showing that his sentence violated the proportionate penalties clause. On October 27, 2021, the trial court denied Mr. Magee's postconviction petition stating that his petition violated the principles of *res judicata* since the appellate court stated on direct appeal that the firearm enhancement was unconstitutional, pursuant to the proportionate penalties clause, but it did not appear that the firearm enhancement was applied. On the date of the trial court's dismissal, Mr. Magee filed his notice of appeal.

¶ 9                                    ANALYSIS

¶ 10    We first note that we have jurisdiction in this case because Mr. Magee filed a notice of appeal within 30 days from the trial court's October 27, 2021, denial of his postconviction petition. See Ill. S. Ct. R. 651 (eff. July 1, 2017); Ill. S. Ct. R. 606(b) (eff. Mar. 12, 2021).

¶ 11    Mr. Magee asserts that his sentence violates the proportionate penalties clause because his sentence for the aggravated criminal sexual assault conviction must be served at 85%, which conflicts with the sentence he would have received for a conviction of armed violence with the

underlying offense of criminal sexual assault, which would be served at 50%. The State argues his postconviction claim is barred by *res judicata.*

¶ 12    The Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2018)) provides a criminal defendant with a mechanism, where he or she can argue that his or her conviction and sentence were the result of a substantial denial of his or her constitutional rights under the United States Constitution, Illinois Constitution, or both. *People v. English*, 2013 IL 112890, ¶ 21. A postconviction proceeding is not an appeal from the judgment, but rather, it is a collateral attack on the trial court proceedings. *English*, 2013 IL 112890, ¶ 21. To receive postconviction relief, a defendant must show a substantial deprivation of his or her federal or state constitutional rights in the trial court proceedings, which produced the challenged judgment. *English*, 2013 IL 112890, ¶ 21. The purpose of a postconviction proceeding is to allow a defendant to raise constitutional issues that were not, and could not have been, decided on direct appeal. *People v. Davis*, 2022 IL App (1st) 200467, ¶ 85. As a result, issues that were decided on direct appeal are barred as *res judicata* and issues that could have been raised on direct appeal but were not, are forfeited. *Davis*, 2022 IL App (1st) 200467, ¶ 85.

¶ 13    A postconviction proceeding operates in three stages. *People v. Hodges*, 234 Ill. 2d 1, 10 (2009). If a defendant's postconviction petition survives the first stage, the proceedings advance to a second stage where counsel is appointed and granted leave to amend the petition into an appropriate legal form. *People v. Turner*, 187 Ill. 2d 406, 416-17 (1999). If the petition makes a substantial showing of a constitutional violation, the matter advances to the third stage, which is an evidentiary hearing to determine the validity of the petition's factual allegations. *People v. Pendleton*, 223 Ill. 2d 458, 473 (2006). "[T]he well-pleaded allegations in the petition and supporting documents will be accepted as true unless it is affirmatively demonstrated by the record

that a trier of fact could never accept their veracity." *People v. Robinson*, 2020 IL 123849, ¶ 60. At the second stage, "the court is concerned solely with determining whether the petition's allegations sufficiently demonstrate a constitutional infirmity which would necessitate relief under the Act." *People v. Jones*, 399 Ill. App. 3d 341, 357 (2010). "Factual disputes raised by the pleadings require a determination of the truth or falsity of the supporting documents which cannot be properly made at a dismissal hearing; they can only be resolved through a third-stage evidentiary hearing." *Jones*, 399 Ill. App. 3d at 357. A trial court's dismissal of a postconviction petition is reviewed *de novo*. *People v. Richardson*, 189 Ill. 2d 401, 408 (2000).

¶ 14    The State, though it cited to caselaw that *res judicata* should apply, did not make any argument contending that *res judicata* is applicable to the matter and facts before us. *Res judicata* "is an affirmative defense, which can be waived." *Roberts v. Burdick*, 2021 IL App (5th) 190119, ¶ 43 (citing *Village of Maywood Board of Fire & Police Commissioners v. Department of Human Rights*, 296 Ill. App. 3d 570, 578 (1998)). As a result of the State failing to argue *res judicata*, the State has waived this contention, and we will address Mr. Magee's postconviction petition on the merits. *People v. Smith*, 2015 IL 116572, ¶ 22 ("Points not argued are waived").

¶ 15    Mr. Magee's postconviction petition in this case was dismissed at the second stage. Mr. Magee asserts that his postconviction petition made a substantial showing that the "legislative scheme," which requires those convicted of aggravated criminal sexual assault with a firearm to serve at least 85% of their imposed sentencing term before they are eligible for release, violates the proportionate penalties clause of the Illinois Constitution. He contends that an individual "sentenced for the identical offense of armed violence predicated on criminal sexual assault would receive day-for-day credit," and be eligible for release after serving at least 50% of his or her sentence.

¶ 16    Mr. Magee relies on the proposition that the proportionate penalties clause forbids the imposition of different penalties for offenses with identical elements. Specifically, "[t]he proportionate penalties clause of the Illinois Constitution declares that '[a]ll penalties shall be determined *** according to the seriousness of the offense.' " *People v. Toy*, 2013 IL App (1st) 120580, ¶ 22 (quoting Ill. Const. 1970, art. I, § 11). Our supreme court has reasoned that "[i]f the legislature determines that the exact same elements merit two different penalties, then one of these penalties has not been set in accordance with the seriousness of the offenses." *People v. Sharpe*, 216 Ill. 2d 481, 522 (2005)). Thus, "the proportionate penalties clause is violated where offenses with identical elements are given different sentences." *Toy*, 2013 IL App (1st) 120580, ¶ 22 (citing *Sharpe*, 216 Ill. 2d at 521).

¶ 17    In this case, there is no dispute that the two offenses, which form the basis of Mr. Magee's proportionate penalties argument, have identical elements. Our court has explicitly held that "aggravated criminal sexual assault predicated upon the accused having been armed with a firearm [citation] and armed violence with a category I weapon predicated upon criminal sexual assault [citation] have identical elements." *People v. Pelo*, 404 Ill. App. 3d 839, 883 (2010) (vacating sentencing enhancements for aggravated criminal sexual assault as violating proportionate penalties clause); see also *People v. Hampton,* 406 Ill. App. 3d 925, 942 (2010) (enhancements to sentence for aggravated criminal sexual assault with a firearm violated the proportionate penalties clause because they "ma[d]e the sentences disproportionate to the penalty for armed violence predicated on criminal sexual assault [citation], which contains identical elements"). In this appeal, the State concedes that "the offenses of aggravated criminal sexual assault with a firearm and armed violence predicated on sexual assault share the same elements."

¶ 18    The crux of Mr. Magee's proportionate penalties challenge is premised on the different treatment of these offenses under the truth-in-sentencing provisions of section 3-6-3 of the Unified Code (730 ILCS 5/3-6-3(a)(2)(ii) (West 2012)). Under section 3-6-3(a)(2)(ii) of the Unified Code, a prisoner serving a sentence for certain enumerated offenses, including aggravated criminal sexual assault, "shall receive no more than 4.5 days of sentence credit for each month of his or her sentence of imprisonment." 730 ILCS 5/3-6-3(a)(2)(ii) (West 2012). That is, for the enumerated crimes, section 3-6-3 mandates that the prisoner will serve, at the minimum, 85% of the imposed term before being eligible for release.

¶ 19    In contrast, with respect to persons convicted of offenses not specifically enumerated in section 3-6-3(a)(2)(ii), section 3-6-3(a)(2.1) of the Unified Code provides that "a prisoner *** shall receive one day of sentence credit for each day of his or her sentence of imprisonment," and "[e]ach day of sentence credit shall reduce by one day the prisoner's period of imprisonment." 730 ILCS 5/3-6-3(a)(2.1) (West 2012). In other words, for those offenses *not* specifically subject to the 85% mandatory minimum of section 3-6-3(a)(2), a prisoner may potentially serve as little as 50% of the prison term imposed if he or she receives one day of sentence credit for each day served. Thus, while section 3-6-3 requires a prisoner convicted of aggravated criminal sexual assault (such as Mr. Magee) to remain imprisoned for at least 85% of the sentence, that minimum is not applicable to one convicted of armed violence predicated on sexual assault—an offense with identical elements.

¶ 20    The State's brief concedes that, had Mr. Magee been convicted of armed violence predicated on sexual assault, rather than aggravated criminal sexual assault, he would not be limited to 4.5 days of sentence credit for each month served pursuant to section 3-6-3(a)(2)(ii), but would be eligible to receive day-for-day credit towards early release. Thus, the parties do not

dispute that, although Mr. Magee is required to serve at least 85% of his sentence for his aggravated criminal sexual assault conviction, he would have been eligible for earlier release had he been convicted of a different offense with identical elements.

¶ 21   Nevertheless, the State urges that Mr. Magee is not entitled to postconviction relief in this appeal "as no court has concluded that the proportionate penalties clause is violated where truth-in-sentencing applies to only one of two offenses sharing identical elements" and contends that our court "has rejected this assertion outright in an analogous case," *People v. Harris*, 2012 IL App (1st) 092251. Thus, the State argues that Mr. Magee's petition was properly dismissed in accordance with Illinois law.

¶ 22   The State asserts that our decision in *Harris*, which rejected a similar proportionate penalties argument, is dispositive in establishing that Mr. Magee's petition failed to make a substantial showing. In *Harris*, the defendant, who was convicted of armed robbery and aggravated kidnapping while armed with a firearm, filed a postconviction petition raising several challenges premised upon the proportionate penalties clause of the Illinois Constitution as well as the equal protection clause of the United States Constitution. *Harris*, 2012 IL App (1st) 092251, ¶¶ 6-8.

¶ 23   The *Harris* defendant, convicted of aggravated kidnapping, asserted a similar argument to Mr. Magee, who was convicted of aggravated criminal sexual assault, in that the "application of the truth-in-sentencing statute with regard to his conviction for aggravated kidnaping violates the proportionate penalties clause of the Illinois Constitution" because it "require[d] him to serve 85% of his sentence for aggravated kidnaping, while it would allow the Department of Corrections to release him after serving only 50% of his sentence for the identical offense of armed violence predicated on kidnaping." *Harris*, 2012 IL App (1st) 092251, ¶ 19. In *Harris*, this court acknowledged that "while the Unified Code of Corrections mandates that a defendant convicted

of aggravated kidnapping serve 85% of his sentence in every case," "a defendant convicted of armed violence could be eligible for early release after serving 50% of his prison sentence," absent a finding that his conduct resulted in great bodily harm. *Harris*, 2012 IL App (1st) 092251, ¶ 22 (citing 730 ILCS 5/3-6-3(a)(2)(ii-iii), (a)(2.1) (West 2006)). Although our decision acknowledged the "difference between the rules for early release with regard to each offense," our court concluded that this was *not* a proportionate penalties violation because "that difference does not pertain to the sentencing range of the two offenses." *Harris*, 2012 IL App (1st) 092251, ¶ 23.

¶ 24    The *Harris* decision cited *People v. Hawkins*, 409 Ill. App. 3d 564, 572-73 (2011), holding that "whether penalties for offenses with identical elements violate the proportionate penalties clause depends only on whether they have different sentencing ranges, and not the manner in which those sentences are carried out." *Harris*, 2012 IL App (1st) 092251, ¶ 23. In *Hawkins*, this court reasoned that "the mandatory consecutive sentencing structure *** affects only the *manner* by which the sentence is carried out, and not the *punishment* itself." (Emphasis in original). *Hawkins*, 409 Ill. App. 3d at 573-74.

¶ 25    The *Harris* decision further noted that in another case, "this court found that the truth-in-sentencing provision requiring that [a] defendant serve 85% of his sentence does not change the penalty for the underlying offense ***." *Harris*, 2012 IL App (1st) 092251, ¶ 24 (citing *People v. Robinson*, 383 Ill. App. 3d 1065, 1071 (2008) (holding that section 3-6-3(a)(2)'s requirement that a defendant who inflicted "great bodily harm" must serve at least 85% of his sentence "does not change the prescribed maximum penalty of the underlying offense")). Thus, our court in *Harris* rejected the argument that "the truth-in-sentencing law *** is tantamount to the imposition of a harsher punishment than that which [the *Harris* defendant] would receive for the offense of armed violence because it requires him to serve a higher percentage of his sentence." *Harris*, 2012 IL

App (1st) 092251, ¶ 25. The *Harris* court concluded that "since the truth-in-sentencing provision does not affect the sentencing range imposed for the offense *** but only the manner in which the sentence is carried out *** it does not violate the proportionate penalties clause." *Harris*, 2012 IL App (1st) 092251, ¶ 25 (citing *Hawkins*, 409 Ill. App. 3d at 574).

¶ 26    The law rejects Mr. Magee's position that his sentence violated the proportionate penalties clause of the Illinois Constitution.  Rather, this court has held that "good-time credit" does not affect the punishment itself, but only the manner it is carried out. *Harris*, 2012 IL App (1st) 092251, ¶ 23 (stating "whether penalties for offenses with identical elements violate the proportionate penalties clause depends only on whether they have different sentencing ranges, and not the manner in which those sentences are carried out"); See also *Hawkins*, 409 Ill. App. 3d at 573-74. Accordingly, Mr. Magee has failed to make a substantial showing that his sentence violated the proportionate penalties clause. Therefore, we find that the trial court did not err by dismissing the postconviction petition at the second stage.

¶ 27                                CONCLUSION

¶ 28    For the foregoing reasons, we affirm the judgment of the circuit court of Cook County.

¶ 29    Affirmed.

11